W. C. VANDERBURGH, ET ALS., Appellants, *vs.* FREDERICK
BASSETT, Respondent.

APPEAL FROM THE DISTRICT COURT OF HENNEPIN COUNTY.

The officer taking property in replevin, should hold it in his possession for three days, before delivering to the Plaintiff. But if the Defendant excepts to the sufficiency of the sureties on the undertaking on behalf of the Plaintiff, he thereby waives his right to claim a return of the property, and cannot object to a delivery to the Plaintiff within the three days—and a countermand of the notice of exception after the expiration of the three days, will not reinstate the right to make such objection.

Property levied upon under a Writ of Attachment, was replevied from the officer. He subsequently re-took the property from the Plaintiff in replevin, by virtue of the same Writ under which it was originally taken: *Held,* that this retaking was illegal, the office of the writ having been exhausted on the first taking.

Two things are necessary to sustain the action of trover, to wit: property in the Plaintiff, (general or special,) and a wrongful conversion by Defendant. The admission of the wrongful taking is evidence of the conversion.

The receipt of money or property, by one partner, in payment of a firm debt, will be binding on the firm, even though such partner convert the property to his own use, without authority from or consent of the firm. The presumption is that the other partners (even if absent from the State,) have given the remaining partner full power to transact all business pertaining to the partnership.

Points and authorities of Appellants :

*First.*—Until the Plaintiff proved some title other than naked possession of the property, the attachment in Vandenburg & Co. vs. Sholl & Atwood justified the Sheriff and Deputy in attaching the property on April 27th, 1858, without any proof that Vanderburgh & Co., were creditors of Sholl & Atwood ; and the levy vested a title in the officer against every person not showing title.   6 *Johns. R.* 195 ; 5 *Wen. R.* 171 ; 16 *Wen R.* 514, 562 ; 8 *Wen. R.* 445 ; 12 *Wen. R.* 496 ; 7 *Cow. R.* 294, *note* (1); *Cowen & Hill's notes, p.* 1078. *Plff. title, see paper book, fol.* 41–43 ; *Title in Sholl & Atwood P. B. fol.* 43–45 ; *Service of Attachment, P. B. fol.* 45, 53, 55.

1. The court below therefore erred in charging that delivery under a pretended assignment of the chattels by Sholl & Atwood, without proof of the assignment, vested a title in the Plaintiff against all the world except Sholl & Atwood and their creditors, and against such creditors until they impeach the assignment as fraudulent.   *P. B. fol.* 57.

2. The court erred in refusing to charge as requested by Defendants, that naked possession is not sufficient title in the

Plaintiff when the property is regularly taken by virtue of process by the officer in an action against the legal owner to sustain an action of trespass. *P. B. fol.* 58.

3. The court also erred in refusing to charge as Defendant requested that if it appeared that the Plaintiff claimed by virtue of an assignment in writing the Plaintiff cannot recover unless he has introduced the assignment in evidence. *P. B. fol.* 60.

*Second.*—The court erred in permitting the Plaintiff to give in evidence the proceedings in the replevin suit, and in his charges and rulings in relation thereto as follows : (*P. B. fol.* 61 *to* 66, 75.)

1. That the court refused to charge as requested, that it was necessary for the Plaintiff to prove that the requisition in the replevin suit was served after the summons was issued, and before answer was served, and also in charging that if the action was commenced the jury were to presume that the coroner did his duty. *Rev. Stat. p.* 344, *Sec.* 122. *P. B. fol.* (76 *to* 78) 79, 80.

2. In refusing to charge that the Plaintiff derived no rights by the delivery of the property before the *third* day had expired; and in charging that the exception to the Plaintiff's surety by the Defendants, operated as a waiver of the wrongful delivery. *Rev. Stat. p.* 345, *Sec.* 126. *P. B. fol.* 78, 79.

3. In excluding evidence of the false representations of the Coroner and Plaintiff respecting the surety; and the coroner's and Plaintiffs' statements as to the redelivery of the property. *P. B. fol.* 69 *to* 71, 72.

4. In rejecting the notice of countermand and charging that the Defendants were estopped by their election to except to the surety. *P. B. fol.* 72 *to* 75, 76, 77.

5. In admitting parol evidence of a conditional delivery of the property by the Coroner contradictory to his return ; and in refusing to charge that such return could not be so varied or contradicted by evidence of what was said or done at the time of executing the process ; and that the date of the return showed when it was made, and was a part of the return. *Cowen & Hill's notes, p.* 1087. *P. B. fol.* 67, 68, *and* 80, 81.

*Third.*—The Plaintiff claiming by virtue of the process in

his action of replevin, and the Sheriff showing prior title by his levy, April 27, 1858, it was incumbent on the Plaintiff in order to recover against the Sheriff in his action to show a title prior to such levy. 12 *Wen.* 74; 16 *Ib.* 514; 5 *Wen.* 171; 8 *Ib.* 445 ; 12 *Ib.* 496 ; 7 *Cow.* 294, *note* (1); *Cowen & Hill, notes, p.* 1078. *P. B. fol.* 57.

The Sheriff had the right to the property until some one showed a prior and better title; and the court erred as follows :

1. In admitting evidence of such action of replevin and the proceedings therein.

2. In refusing to charge that if the Plaintiff claimed by assignment he could not recover without proof of such assignment. *P. B. fol.* 60.

3. In excluding the supplementary return of the Sheriff. 16 *Wen.* 514; *Cowen & Hill, notes pp.* 1085, 1092–3. *P. B. fol.* 55.

*Fourth.*—The Plaintiff could not recover in this action against the Sheriff or Deputy, although the delivery of the property to the Plaintiff by the Coroner vested in him the right of possession; for such right would only be a qualified and special right, not coextensive with the general ownership and the special property of the Sheriff acquired by the levy ; and the Plaintiff if he recovered at all can only recover to the extent of his interest and not the value of the property. 7 *Cow.* 294 *and note* (1); 7 *Cow.* 670, *note* (*a*); *Tyler vs. Barker,* 5 *Bin.* 457, 460 ; 11 *Wen.* 54; 16 *Ib.* 562; 8 *Ib.* 445; 21 *Ib.* 301; 1 *Chit. Plead.* 171, *note* (*n*); *R. S. p.* 333, *Sec.* 27.

The Sheriff has by levy, a special property to the extent of the demand in the process, and he is a trustee for the Defendant in the process (who is the general owner) for the residue after the demand in the process is satisfied.

The complaint does not state, nor is there any evidence as to the Plaintiff's special damages as measured by his special interest. *P. B. fol.* 4 *to* 8.

Therefore the court erred in refusing to charge that the Plaintiff could not recover unless he proved the assignment under which he claimed.

*Fifth.*—There is no evidence to show that the Defendant

Cady was guilty of either taking or converting any of the property. *P. B. folio* 83 *to* 88. It only appears that he was a partner of Vanderburgh, and that the latter received the property from the Sheriff and signed the receipt therefor with the firm name of Vanderburgh & Co. *Collyer on Part.* 414, 415, *note* (1), *3d Ed.*

One partner is not answerable for wrongful acts committed by his copartner unless he sanction the act.

*Sixth.*—Neither Vanderburgh nor Cady wrongfully took the property, because neither was present at the taking, and Vanderburg alone advised the Sheriff to do so. *P. B. folio* 83 *to* 88.

The simple request of a party to another to do some act justifiable on the part of the other is not actionable.

The act must be wrongful in the party committing it to make the other liable in such cases.

*Seventh.*—Neither Vanderburgh nor Cady converted the property, since it was delivered to Vanderburgh alone as a receiptor to the Sheriff; and a receiptor is justified in the same manner as the Sheriff. *6 John.* 195; *7 Cow.* 294. *P. B. folio* 85 *to* 88.

*Eighth.*—The court erred in charging if the jury found that Atwood was dead at the time the suit of Vanderburg and Co. was commenced, the attachment and all proceedings in such action would be void, and would not protect the officer serving such process. *P. B. folios* 95, 96, 81, 82.

1. The attachment showed that the action was not commenced against Sholl & Atwood as partners, but as persons transacting business under a common name. *P. B. folio* 48.

2. Though the suit was improperly brought, yet the attachment being valid and regular *on its face* was sufficient to protect and justify the officers.

Points and authorities of Respondents.

*First.*—Trespass and trover are concurrent remedies; "whenever trespass *de bonis asportatis* lies, trover will lie. *Prince vs. Benjamin,* 14 *Pick.* 356; 1 *Chitty's Pleadings,* 161; *Farrington vs. Paine,* 15 *Johnson,* 431; *Prescott vs. Wright,* 6 *Mass.* 20.

*Second.*—The finder of an article may maintain trover against any person but the real owner. A bare possession is sufficient to enable the Plaintiff to recover in these actions against a wrong doer, who takes property out of his possession without authority. *Durick vs. Chapman,* 11 *Johns.* 132; *Cook vs. Howard,* 13 *Johns.* 275; *McLaughlin vs. Waite et al.,* 9 *Cowen,* 670; *Bush vs. Lyon,* 9 *Cowen,* 52; *Hotchkiss vs. McVickar,* 12 *Johnson,* 403. Lawful possession of goods is *prima facia* evidence of property. *Faulkner vs. Brown,* 13 *Wend.* 64; 11 *Johnson,* 143.

Trover may be maintained against a stranger upon a mere prior possession, obtained by a purchaser of chattels under a void execution. *Duncan vs. Spear,* 11 *Wend.* 54.

A person in possession under an assignment fraudulent as against creditors, may support trespass against a person who cannot show that he was justified in what he did as a creditor. 1 *Chitty's Plead.* 170.

The Plaintiff at the time of the conversion of the property involved in this action, was in the actual and lawful possession thereof; and no one could question his title to such property but a creditor of Sholl & Atwood, who delivered the same to said Plaintiff.

*Third.*—The Plaintiff in this action had the lawful possession and the general property in the chattels, in this complaint described, by virtue of the delivery of the same to him by the Coroner of Ramsey County, in the action of replevin set up in the pleadings and proved, as appears in the case stated in this cause, subsequent to the time when such chattels were taken from said Plaintiff under a supposed warrant of attachment against the property of said Sholl & Atwood, the Sheriff of Ramsey County, against whom such action of replevin was commenced, having given due notice to said Plaintiff of his exception to the sufficiency of the sureties in said Plaintiff's undertaking in such action of replevin, and thereby precluded himself from requiring a return of such property in any event, upon any counter security, and after such property had been once replevied from the Sheriff of Ramsey County; said Sheriff could not therefore seize the same property again under the same supposed warrant of attachment against said Sholl & Atwood. *Revised Statutes, p.* 549, *Sec.* 126.

*Fourth.*—The pretended countermanding of the notice of exception to the sufficiency of said Plaintiff's sureties on his undertaking in such action for the delivery of said property to said Plaintiff, by said Sheriff of Ramsey County, would not, and did not, restore to said Sheriff any right to require a return of such property to himself; but such notice was a waiver of all objection to the delivery of said property to said Plaintiff by said Coroner, and such notice of countermand was properly rejected by the Court.

*Fifth.*—A Sheriff is a trespasser, who levies upon goods and chattels, which are not the property of the Defendant in the attachment or execution; he acts at his peril in such cases; his process only authorizes him to receive the Defendant's property, and if the Plaintiffs in the execution direct the levy to be made, they are also trespassers. *Allen vs. Crary,* 10 *Wend.* 350; *Chapman vs. Andrews,* 3 *Wend.* 242; 5 *Denio,* 94; 19 *Johns.* 382; 12 *Wend.* 39; 7 *Cowen,* 735; 10 *Wend.* 110; 4 *Comstock,* 173; 8 *Pick.* 543; 2 *Black,* 94; 4 *Scamwell,* 550.

*Sixth.*—The property of the Plaintiff was first taken from his possession on the 27th day of April, 1858; it was duly replevied on the 30th day of April, 1858, and afterwards duly delivered to said Plaintiff by said Coroner of Ramsey County; and the said property was retaken from said Plaintiff upon the same supposed warrant of attachment, on the 12th day of May, 1858, by the said Defendants, without any regard to the rights of said Plaintiff upon his undertaking and justification of sureties, upon due notice of exception to their sufficiency in each action of replevin; and no counter undertaking was ever tendered to said Coroner for the return of such property. The Court was therefore correct in charging the jury, that what was said or done by the Coroner at the time of taking the property had nothing to do with the case, and was entirely immaterial, since the Sheriff after having elected to except to the sufficiency of said Plaintiff's sureties, was bound by such election.

*Seventh.*—The supposed supplemental return of the Sheriff upon the warrant of attachment, offered in evidence in this cause, was clearly incompetent for any purpose, because a Sheriff's return is *prima facia* evidence only of such official

acts as he is by law required to perform. *Browning vs. Hanford,* 5 *Denio,* 586 ; 11 *Foster,* (*N. H.*) 9.

*Eighth.*—A tort committed by one partner will bind the firm if it be authorized or adopted, or within the scope of the partnership business. The said Wm. C. Vanderburgh & Co., directed the taking of this property on a warrant issued by them, and such property at their request has been delivered to them by the Sheriff; Cady has therefore adopted the conversion. *Story on Partnership Secs.* 166, 168.

*Ninth.*—If Wm. C. Vanderburgh & Co., at their own request obtained the property of the Sheriff, upon their own indemnity, given to him for such purpose and to save expense, this is a ratification on the part of said Defendant Cady, one of said firm, of the taking and conversion. *Herring vs. Hoppoch,* 1 *Smith's Court of Appeals,* 413 ; *Lentz vs. Chambers,* 5 *Iredell,* 587.

*Tenth.*—The testimony of said Plaintiff in this cause, shows that H. S. Atwood, one of the firm of Sholl & Atwood, the Defendants in said warrant of attachment named, deceased on the 10th day of April, 1858, and long before the action in which said warrant is claimed to have been issued, was in any way commenced, and long before said warrant was obtained by said Wm. C. Vanderburgh & Co. The Court therefore that issued said warrant, never has obtained jurisdiction of the supposed Defendants in that action, since there was no such firm in existence at that time, and such action could only be brought against the survivor; for no such persons as Sholl & Atwood were then associated in business under any name whatever. Said warrant has never been levied. In the case of a joint contract, if one of the parties die, the survivor alone can be sued. 1 *Chitty's Pleadings,* 50, *and cases cited ; Noble vs. Holmes,* 5 *Hill,* 194. In this case it was necessary for the officers to prove the preliminary proceedings authorizing the issuing of an attachment to justify at all.

*Eleventh.*—The measure of damages in trover, is the value of the property at the time of the conversion with interest. 14 *Pick.* 356 ; 15 *Pick.* 198, 257, 300 ; 17 *Pick.* 1 ; 21 *Pick.* 559; 13 *N. H.* 109.

D. C. COOLEY, Counsel for Appellants.

MORRIS LAMPREY, Counsel for Respondent.

*By the Court.*—ATWATER, J.   This was an action com-· menced in the District Court for the Fourth Judicial District, by Bassett, the Plaintiff below, to recover of the Defendants the value of certain personal property, alleged to have been wrongfully taken by the Defendants and converted to their own use, of the value of six hundred dollars.   It appears from the case that the firm of Sholl & Atwood, doing business in Hennepin County, becoming insolvent, made a general assignment to Bassett for the benefit of their creditors, and that the property, which is the subject of this action, was a part of that received by Bassett under the assignment.   Plaintiff alleged title to the property and possession in himself.   Two of the Defendants, Vanderburgh and Cady, answered separately, denying the taking and conversion, and denying property in the Plaintiff.   Two of the other Defendants, Caldwell and Turnbull, also deny the wrongful taking and conversion, and title in the Plaintiff; and further, set up, that they took the property in question on a writ of attachment, issued in an action in which the said Vanderburgh and Cady were Plaintiffs, and Sholl & Atwood were Defendants, alleging that they seized said property in their capacity of Sheriff and Deputy Sheriff, by virtue of said writ of attachment, as the property of Sholl & Atwood.   The writ of attachment was served, and the property taken by the Sheriff April 27, 1858.   The answer further states that the property was wrongfully taken by the Plaintiff from the possession of said officers, on the 30th day of April, 1858, and was re-taken by Deputy Sheriff Turnbull, May 12, 1858, which is the taking and conversion complained of by the Plaintiff.   The reply shows that on the 30th day of April, 1858, the Plaintiff Bassett commenced an action of replevin against Caldwell and Turnbull, to recover possession of the property, that the Coroner, on said day, took the property and delivered the same to the Plaintiff, and that on the first day of May following, Caldwell, one of the Defendants in the action of replevin, gave notice of exception to the surety in the replevin bond, and that the surety justified May 15th.   It thus appears that the Coroner delivered to the

Plaintiff possession of the property on the day when the action of replevin was commenced, instead of retaining possession of the same for the period of three days, as it is claimed the statute requires. There was a verdict for the Plaintiff below, upon which judgment was entered, from which the Defendants appeal.

The Coroner of Ramsey County took the property in question by virtue of a requisition to him directed in an action of replevin against two of the Defendants below. He thereupon delivered the same to the Plaintiff, who thus became entitled to the possession of the same during the pendency of that action, or until the rights of the parties were determined in that action. It is claimed by the Appellants, that the Plaintiff in the replevin suit, acquired no right by the delivery of the property to him, before the third day from the taking had expired. We think it was the duty of the Coroner to have retained possession of the property for three days, as the Statute (*Comp. Stat. p.* 549, *Sec.* 127,) manifestly intends that the Defendants shall have the right to the possession of the property, upon giving the requisite security. Yet the Appellants cannot urge this objection. For they have excepted to the sufficiency of the sureties, on the undertaking of the Plaintiff, and must be held to have waived their right to claim a return of the property. It is true that it appeared that the Defendant Caldwell, on the 13th of May, served on the Plaintiff's attorneys a notice of countermand of exception to the surety. But this could not reinstate the Defendant in any right he had lost by excepting to the surety, as the three days within which he could claim a return of the property had expired. Nor, again, does it any where appear from the case, that the Defendants ever claimed a return of the property in the replevin suit, or pretended or attempted to comply with the provisions of the Statute entitling them to a return. Whatever irregularities, therefore, may have occurred in the delivery of the property by the Coroner to the Plaintiff, the Defendants do not show themselves prejudiced thereby, and their objections cannot now avail.

The Plaintiff thus became legally entitled to the possession of the property, and being so in possession, the Defendants

(Caldwell and Turnbull) took it from him on the 12th of May, 1858, by virtue of the same process on which it had been originally taken, before the action of replevin was commenced. This retaking was clearly unauthorized and illegal. The office of the writ of attachment was exhausted, by virtue of the first taking under it. The title to the property might have been tested, either in the original action, or in that of replevin, but the last named action and the proceedings under it, gave the right of possession meantime to the Plaintiff, at least so far as these Defendants were concerned. And in re-taking the property, the Defendants rendered themselves liable to the Plaintiff, either in an action of trespass, or for the value of the goods.

There is no objection to the form of the action in this case. It is substantially an action of trover under the old form of pleadings. Trover might be maintained where an action of trespass *de bonis asportatis* would lie. In order to maintain trover two things are necessary, viz: property in the Plaintiff (either general or special) and a wrongful conversion by the Defendant. (12 *J. R.* 403, 14 *J. R.* 403, 13 *Wen.* 63, 9 *Cow.* 670, *id.* 52, 14 *Pick.* 356.) By bringing trover the party waives the trespass, and recovers the value of the property as damages. The wrongful taking is admitted, or at least shown by the pleadings, and is evidence of the conversion.

This view of the case disposes of several of the objections of the Defendants below, to the charge of the court to the jury, and refusal to charge as requested. But it is claimed that there is no evidence to show that the Defendant Cady was guilty of either taking or converting any of the property. From the testimony of Turnbull, one of the Defendants, it appears, that he took the property by direction of W. C. Vanderburgh (one of the Defendants), and his attorney, although he was not certain as to the participation of the latter. He further stated, that he " delivered said property to W. C. Vanderburg & Co., the defendants. I hold a receipt from them. I had it about five weeks in the livery. They requested me to do so." The witness on cross-examination stated, that when they were talking about taking the property, Mr. Cady was not present—that he did not remember seeing

him until about a month ago—that Mr. Cady's name was on his receipt for the property—that Mr. Vanderburgh put on the name, " W. C. Vanderburgh & Co.," and that Mr. Cady was one of the Company. There was further evidence tending to show that Cady was a resident of Michigan at the time of the taking, and did not actually know anything of it, or the commencement of the action, in which the attachment issued. It is unnecessary to decide whether Cady actually participated in the taking of the property. Torts may arise in the course of the business of the partnership, for which all the partners will be liable, although the act may not have been assented to by all the partners. (*Story on Part. S.* 166 ; *Parsons on Contracts, p.* 160.) And it has been held, that the conversion by one partner of property which came into the possession of the firm on partnership account, is the conversion of all. *Nisbet vs. Patton,* 4 *Rawle,* 120 ; *Coll. on Part. B.* 3, *Ch.* 1, *Sec.* 6, *p.* 305–6. *See also Hawkins and Logan vs. Appleby and Moore,* 2 *Sand. Sup. C. p* 421, *and cases cited;* 4 *Gill.* 406. The original taking by the Plaintiffs under the writ of attachment was for the purpose of collecting a debt, claimed to be due from the firm of Sholl & Atwood, who, it is alleged, were owners of the property. The collection of debts due the firm is within the ordinary scope of business of the partnership, and the receipt of money or property, by one partner, in payment, will be binding on the firm, even though such partner should convert the same to his own use, without authority from or consent of the firm. The second taking of the property by the Appellants was in pursuance of the first, and for the accomplishment of the same object. The property was delivered to the firm of Vanderburgh & Cady, was receipted for, and retained by them, and it is reasonable to presume, formed a part of the partnership assets. The fact (if it be considered as proved) that one of the partners was out of the State at the time of the taking, can scarcely be considered as any evidence in his favor, for the presumption is that he had given full authority to the remaining partner to transact all business pertaining to the partnership ; and it is also in evidence that Cady had returned to this State before the trial below, and it does not appear that he ever objected to the course pursued by

Vanderburgh in the transaction. These circumstances might perhaps justify a jury in finding actual assent on his part, though we do not think that necessary in order to hold him responsible. He comes within the rule laid down in the cases above cited, and must be held responsible for the acts of his co-partner, even though actual participation in, or assent to them, be not shown.

The judgment below must be affirmed.