COMMONWEALTH *vs.* JOHN H. THOMPSON & another.

On the trial of a joint indictment of a man and woman for adultery with each other, which charges that at the time of the offence she was the wife of another man, her admission, in her paramour's absence, that she was so, is not competent evidence against him.

INDICTMENT of John H. Thompson and Harriet Pitkins jointly for adultery with each other at Williamstown on August 4, 1868. The first count charged both of them with being married at the time, and not to each other. The second count charged only Harriet with being so married.

At the trial in the superior court, before *Reed*, J., there was evidence that at the time charged both parties were married and

not to each other, but the evidence that Harriet then had a husband living consisted solely of her own declarations not made in John's presence. The defendants' counsel requested a ruling that declarations so made by Harriet could not affect John; and the judge instructed the jury " that as a general proposition this was true, but that, if they should find that the female defendant had made a declaration that at the time in question she was a married woman, and if, believing this declaration, they should find that she was a married woman, then, notwithstanding such declaration was made in the absence of Thompson, they would find both parties guilty of adultery, if they should also find the act of intercourse as charged."

The jury returned a general verdict of guilty, after which the attorney for the Commonwealth entered a *nolle prosequi* as to the first count; and the defendants alleged exceptions.

*A. J. Waterman,* for the defendants.

*C. Allen,* Attorney General, for the Commonwealth.

HOAR, J. No ground of exception being suggested to the evidence upon which the female defendant was convicted, there must be judgment upon the verdict against her. But the exception taken by the defendant Thompson seems to us well founded. The second count charged him with the crime of adultery by criminal intercourse with another man's wife. The prosecution were therefore required to prove that the woman with whom the adulterous intercourse was had was married to another man. Her confession of this fact was evidence against herself; but her admissions were very clearly not evidence against another person. They were not upon oath, and the defendant Thompson had no opportunity to cross-examine her upon them.

The provisions of the statute relating to the evidence of marriage do not include this case. Gen. Sts. *c.* 106, § 22. The admission of the fact by the party against whom the process is instituted, general repute, cohabitation, or any other circumstantial or presumptive evidence from which the fact may be inferred, is made competent thereby. But the admission of another person, though charged with a crime in the same indictment, is not made competent, and it would be contrary to the element-

ary principles of justice to allow it. The circumstantial or presumptive evidence referred to must be evidence accompanying or preceding the fact to be proved, and not a mere subsequent declaration or admission of another than the defendant, which is only hearsay. The fact that the man and woman are charged with a joint offence, and in the same indictment, does not give to either the power to affect the other by a confession of any material part of the charge.

*Exceptions of the defendant Thompson sustained.*