# Owens & Beaty *v.* The State.

*Prosecution for Living in Adultery or Fornication.*

1. *Proof of marriage.*—The fact of marriage may be proved by the admissions and declarations of the parties; and the man's recognition of the woman's child as his own, allowing it to call him father, while they are living together, is a circumstance tending to show their marriage.

2. *Evidence admissible against one of two defendants.*—Evidence which is admissible against one of two defendants, jointly indicted and tried, can not be excluded from the jury on motion. The remedy of the other is to request proper instructions limiting its effect.

3. *Adultery as involved or merged in bigamy.*—The offense of adultery is not necessarily involved in bigamy, and there may be a prosecution and conviction for living in adultery, the parties claiming to have been married, on proof showing that one of them was guilty of bigamy in contracting that marriage.

4. *Fornication or adultery, with claim of marriage.*—On a prosecution for living in a state of fornication or adultery, the parties claiming to have been married, a conviction may be had on evidence showing that they lived together as man and wife prior to that marriage; but, if there is no evidence of such prior cohabitation, the invalidity of the alleged marriage must be shown, as by proof of the :fact that the woman then had a lawful husband living; and if there was in fact such prior valid marriage, the *understanding* of the parties to the contrary would not relieve their cohabitation of its adulterous character.

FROM the Circuit Court of Escambia.

Tried before the Hon. JOHN P. HUBBARD.

This was a prosecution against Joe Owens and Prudence Beaty for living together in a state of adultery or fornication, was commenced in the County Court, on the 12th November, 1891, and transferred to the Circuit Court for a trial by jury. In that court, the defendants were jointly tried, issue being joined on the plea of not guilty, and were convicted. They admitted that they had lived together and cohabited as man and wife since April 12th, 1891, but claimed that they were married on that day; and they produced the "Marriage Record," which showed that a license for their marriage was

4

issued on the 7th April, and returned executed on April 12th, 1891. The State insisted that the marriage was illegal and void, because the said Prudence then had a husband living; and adduced evidence showing that she came to Alabama, in an immigrant train from North Carolina, in January, 1890, in company with one Beaty, and lived in the same house with him as man and wife, until some time between March and May, 1891, when he left her, and she claimed to have married Joe Owens a few weeks afterwards. Several exceptions were reserved by the defendants to the rulings of the court on questions of evidence in this connection, as shown in the opinion of this court. Said Prudence, testifying as a witness for herself and her co-defendant, denied that she was ever married to said Beaty, but admitted that she had lived with him as his wife under promise of marriage, and said that he left her because of her repeated requests that they should be married. She denied that she had ever had sexual intercourse with her co-defendant before their marriage; but the State adduced evidence showing that they had lived together in the same house, for about two weeks before their alleged marriage.

"Defendants' counsel argued, that if adultery was made out, it was merged in bigamy, which was a felony, and hence she could not be convicted. The court thereupon charged the jury, among other things, that although the facts might show the offense of bigamy by said Prudence, they can find her guilty of adultery, if they believe beyond a reasonable doubt that she is guilty of adultery; that this is not a case where the misdemeanor is merged in the felony, even if they believed she was guilty of bigamy;' also, 'that the jury may, in connection with all the evidence, look to the conduct, admissions and statements of marriage and cohabitation of the woman Prudence with said Beaty, if shown by the evidence, for it is evidence on the question of marriage, and may or not be sufficient to prove a marriage between them; that it is for the jury to decide whether, on the whole evidence, they were married or not.' The defendants excepted to each of these charges, and also to the refusal of each of the following charges, which were asked by them in writing : (1.) 'Before the jury can find the defendants guilty in this case, they must find from the evidence, beyond all reasonable doubt, that said Prudence was married to the man Beaty; and a mere adulterous intercourse with him, no matter how long continued, will not be sufficient.' (2.) 'If the jury believe from the evidence that it was understood by the defendants that said Beaty and Prudence were not married in fact, then they must find for the defendants.' "

[Owens & Beaty v. The State.]

DAVISON & McGOWAN, for appellants, cited 1 Bish. Mar. & Divorce, ch. 34, §§ 1026–34, 1061, note 3 ; 47 Amer. Dec. 373 ;. 52 Mich. 592; *Buchanan v. State*, 55 Ala. 175 ; *Beggs v. State*, 55 Ala. 111 ; *Brown v. State*, 52 Ala. 338 ; *Green v. State*, 59 Ala. 68 ; *Langtry v. State*, 30 Ala. 536.

WM. L. MARTIN, Attorney-General, for the State, cited *Williams v. State*, 54 Ala. 131 ; *Green v. State*, 59 Ala. 68 ; *Alsobrooks v. State*, 52 Ala. 24 ; *Williams v. State*, 81 Ala. 1 ; *Campbell v. Gullatt*, 43 Ala. 57 ; *Beggs v. State*, 55 Ala 108 ; 2 Greenl. Ev., § 662 ; *Jones v. State*, 67 Ala. 84.

WALKER, J.—The defendants, Joe Owens and Prudence Beaty, were convicted on the charge of living together in a state of adultery or fornication. The cohabitation was not denied, but the defendants claimed that they had been duly married. There was evidence tending to show that, at the time of their alleged marriage, the female defendant was the wife of one Beaty. Evidence was admitted, without objection, to show that the defendant Prudence and the man Beaty lived in the same house as husband and wife, treated each other as husband and wife, and so called each other. Against the objection of the defendants, a witness was permitted to state that, while the defendant Prudence and the man Beaty lived together, a child who lived with them called the man Beaty *father*, and that the man Beaty called the defendant Prudence his wife. This evidence was admissible against the defendant Prudence. Marriage may be proved by the admissions and declarations of the parties; and the man's recognition of himself as the parent of the woman's child, and the fact that he allows the child to call him *father*, are circumstances tending to show marriage.— *Williams v. State*, 54 Ala. 131 ; *Green v. State*, 59 Ala. 69 ; 2 Greenleaf on Evidence, § 462. This evidence being admissible against one of the defendants, the other defendant was not entitled to have it entirely excluded. The remedy of the defendant Owens, to prevent the use of this evidence against him, was to ask instructions limiting its effect, so as to confine its influence to his co-defendant, against whom alone it was admissible.— *Williams v. State*, 81 Ala. 1 ; *Alsobrooks v. State*, 52 Ala. 24.

The offense of bigamy is complete when the second marriage is complete, without proof of subsequent cohabitation.—*Beggs v. The State*, 55 Ala. 108. The offense of adultery is not necessarily involved in bigamy, and there may be a prosecution for living together in a state of adultery, although the

[Hurd v. The State.]

parties may also be guilty of bigamy. There was no error in the charge of the court on this subject.

The first charge requested by the defendants was properly refused. There was evidence tending to show that they lived together in a state of fornication before their alleged marriage. It was not necessary to prove adultery to support the indictment. If there had been no evidence that the defendants cohabited together before formal marriage, it would have been necessary to show the invalidity of that marriage.

If the defendant Prudence and the man Beaty were in fact married, the understanding of the defendants to the contrary would not relieve their cohabitation of its adulterous character. This consideration discloses the incorrectness of the second charge requested by the defendants.

Affirmed.