STATE OF MINNESOTA *vs.* JOHN VOLLANDER.

Submitted on briefs May 1, 1894.   Affirmed May 8, 1894.

No. 8713.

Spouse a competent witness against an adulterer.

Upon a charge of adultery, the testimony of the injured husband or wife is competent to prove the offense.

The defendant, John Vollander, was indicted by the grand jury of Goodhue County, for the crime of adultery with Anna Lundberg the wife of Ole Lundberg. Being arraigned at October Term, 1893, he moved that the indictment be quashed on the ground that the husband, Ole Lundberg, gave evidence before the grand jury regarding the accusation and that the indictment was based thereon. The court, *W. C. Williston,* J., denied the motion and on request of defendant reported the case so far as was necessary to present the question and certified the report to this court.

v.57M.—15

*Frank M. Wilson,* for the accused.

The indictment in this case should be quashed, because as the court finds, Ole Lundberg the husband was sworn and gave evidence before the grand jury, that he was married to said Anna Lundberg, and that the accused had made to him confessions of having had sexual intercourse with his wife.

When it is shown that the indictment was founded upon incompetent evidence a motion to quash is proper.

The question, whether the testimony of a husband which may tend to criminate his wife is admissible in a collateral proceeding is conceded to be unsettled, yet we claim the weight of authority sustains the position that the husband of the adulteress is not a competent witness before the grand jury. *State* v. *Gardner,* 1 Root, 485; *State* v. *Welch,* 26 Me. 30; *Commonwealth* v. *Sparks,* 7 Allen, 534; *Commonwealth* v. *Flohr,* 3 Crim. Law Magazine, 842; *Commonwealth* v. *Gordon,* 2 Brews. 569; *Commonwealth* v. *Shreiver,* 1 Wharton Dig. (6th Ed.) 911; *Van Cort* v. *Van Cort,* 4 Edw. Ch. 621.

The better opinion is that on the trial of the paramour for adultery, the injured husband or wife is not a competent witness for the prosecution. Wharton Crim. Ev., § 390; Rice Crim. Ev., 285; 2 Heard Lead. Crim. Cas. 277; *State* v. *Wilson,* 31 N. J. Law, 77.

*Samuel J. Nelson,* County Attorney, for the State.

In *Rex* v. *Cliviger,* 2 T. R. 263, it was held that the evidence was not competent on the ground of public policy, but the case was afterward overruled by *Rex* v. *All Saints,* 6 M. & S. 194; *Rex* v. *Bathwick,* 2 B. & Ad. 639. In this country the evidence is held competent. *State* v. *Dudley,* 7 Wis. 664; *State* v. *Marvin,* 35 N. H. 22; 1 Greenleaf Ev., § 342; *United States* v. *Cutler,* 5 Utah, 608.

By Penal Code, § 262, the prosecution can only be commenced on the complaint of the husband or wife. If complaint be made by the injured one the danger of discord is not diminished by excluding the complainant from being a witness and the basis of the supposed public policy no longer remains.

GILFILLAN, C. J.    Without deciding the question whether an indictment will be set aside on the ground merely that incompetent

evidence was received by the grand jury upon the charge on which it is found, we will decide the question presented by the briefs.

It is this: Upon a charge against the man alone, for adultery with a married woman, is the husband of the woman a competent witness to prove the crime?

The courts in several states hold him incompetent, none of them on the ground that any legal right or interest of the wife will be affected, but, where they state any reason for so deciding, upon the ground, apparently, of public policy, because to permit the testimony will create discord and dissension between the husband and wife. Other courts hold the testimony competent. In this state the matter of public policy is settled by the statute, which provides (Pen. Code, § 262) that "no prosecution for adultery shall be commenced except on the complaint of the husband or wife (save when insane)." If it be consistent with public policy that the injured party alone may institute the prosecution, it cannot be inconsistent with it that he or she may support it against the paramour by testifying to the facts within his or her knowledge; and it would be strange if the party may make complaint, but may not give evidence in support of it. Whether the evidence would be competent on a charge against the husband or wife need not be considered.

The decision of the court below is affirmed.

Buck, J., absent, sick, took no part.

(Opinion published 58 N. W. 878.)