PATRICK KENNEDY *vs.* CHICAGO, MILWAUKEE & ST. PAUL RY. CO.

Argued April 25, 1894.    Affirmed May 8, 1894.

No. 8755.

**Verdict sustained by the evidence.**
    Evidence *held* sufficient to sustain the verdict.

**Assignments of error held not well taken.**
    Various assignments of error disposed of.

**Measure of damages.**
    Damages *held* not so excessive as to require this court to interfere after the court below has scrutinized and cut down the verdict.

Appeal by defendant, Chicago, Milwaukee and St. Paul Railway Company, from an order of the District Court of Wabasha County, *Charles M. Start,* J., made September 5, 1893, denying its motion for a new trial.

The plaintiff, Patrick Kennedy, was a laborer employed by defendant and on January 29, 1891, was assisting in repairing a pile bridge near La Moille. While attempting to spring the top of a pile into position the head of a jackscrew split, owing to a crack and allowed the pile to spring back and throw defendant off the bridge. He fell eight or ten feet to the ground and was seriously injured. He brought this action to recover damages claiming the defendant was negligent in furnishing a defective and unsafe jackscrew. After the evidence was in, defendant requested the court to charge the jury as follows:

If you find that in the operation of said jackscrew, plaintiff used a different lever than the one provided by the defendant's foreman, and that by reason thereof plaintiff was enabled to and did exert a greater pressure thereon than with the lever provided, and that such increased pressure was the proximate cause of the kicking of said screw at the time and place in question, then your verdict must be for the defendant.

The court refused and it excepted. This is appellant's sixth assignment of error. Plaintiff had a verdict for $5,000. Defendant moved for a new trial. The court ordered that a new trial be granted unless plaintiff consent within ten days to reduce the recovery to $4,000, and that it be denied if he do. He consented. Defendant appeals from the order. The discussion here was principally upon the question whether the damages are warranted by the evidence.

*William Gale* and *M. B. Webber,* for appellant.

*Wilson & Bowers,* for respondent.

GILFILLAN, C. J. So far as defendant's negligence is concerned, the jury might, from the evidence, find that the injury to plaintiff was due to the break in the jackscrew; that the break had begun before the jackscrew was given plaintiff to use; that the defect would have been discovered upon reasonable inspection; and that no such

inspection was made. From those facts they might find negligence on the part of the defendant.

On the point of plaintiff's contributory negligence, the only thing claimed to show that is, that having been provided with a lever about three feet long to turn the jackscrew, he, after a while, laid that aside, and took one six feet long, capable of bringing much greater power to bear on the jackscrew, and was using that when the break occurred. When the end which he and his co-workers were set to accomplish, and that he did not know of the defect in the screw, are taken into account, the most that can be said is that there was a case to go to the jury on the question of his negligence. That was not a question of law, and defendant's request specified in the sixth assignment of error was bad because it assumed that it was.

The charge of the court, taken together, was a fair, clear, and correct statement of the law of the case. The exceptions to it are not well founded.

Of the other assignments of error, there is nothing in any of them, and they need not be particularly mentioned, except that relating to the amount of the verdict. The verdict ($5,000) certainly seems large. It seems large even as reduced (to $4,000) by the court below. Judging it from the printed record alone, we would have been better satisfied with it had it been much less, or had the court made a larger reduction. From the evidence the jury might find that plaintiff's hearing, as to one ear, was destroyed, his sight impaired, his memory made unreliable, and his general health and strength much broken, so that he is unable to work so effectively as he could before the injury; and that these effects are permanent. In view of this state of the case, and of the fact that the court below evidently carefully scrutinized the verdict, and cut it down as much, presumably, as it thought it ought to do, we do not think the case is one for the interference of an appellate court.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 878.)