### JOHN WILEY v. THE STATE.

*No. 289. Decided May 26.*

Adultery—Proof of Marriage—Paramour an Accomplice.—On a trial for adultery, the fact of marriage can not be established alone by declarations of the paramour made before the prosecution was instituted, and in the presence of defendant. The paramour is an accomplice, and her testimony must be corroborated; and her statement before the trial, that she was married, would be no corroboration.

APPEAL from the County Court of Williamson. Tried below before Hon. D. S. CHESSER, County Judge.

Appellant was indicted for adultery with one Sarah Tary, and at his trial was convicted, his punishment being assessed at a fine of $100.

The evidence showed that appellant and Sarah Tary had picked cotton together; that they bought a house in Taylor together, with their joint funds, and lived in said house together, the house having but one bed in it.

The only proof by the State that Sarah Tary was a married woman was her own testimony, as follows: "I was married in Eastern Texas several years ago. My husband left me about four years ago. I have not seen him since. Do not know whether or not he was living on July 1, 1893. I have had information concerning him within the last year that he was alive." And the testimony of Emeline Johnson, as follows: "I had a conversation with Sarah Tary in the presence of the defendant before the date of the indictment in this case, in which conversation Sarah Tary said she was married, and that her husband was living in Eastern Texas." Emeline also testified: "She (Sarah Tary) is called Mrs. Sarah Tary, and has two children."

*Robertson & Pedigo,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Conviction of adultery, for living with, and having carnal knowledge of, Sarah Tary. The evidence that Sarah Tary was a married woman at the time of the illicit intercourse between her and appellant is mostly, if not solely, that of the paramour, Sarah Tary. She is an accomplice, and must be corroborated by some evidence, from some legal source other than herself. Is there in this record such corroboration? Before this prosecution (how long not stated), Sarah stated, in the presence of Emeline Johnson and the appellant, that she was married, and that her husband was living in East Texas. To this evidence appellant objected, because hearsay, etc. The objection was well taken. The fact that the statement was made in the presence of appellant does not make it competent; it was still hearsay. He was not called upon to deny the fact, he not then being charged with this offense, and a failure to do so did not prove that Sarah was married to a man who lived in East Texas. If the marriage had been established, and it was necessary to prove that appellant had knowledge of the fact before or at the time of the cohabitation, Sarah's statement in his presence would have been competent evidence. But such proof is not required. That Sarah had stated before the trial that she was married is no corroboration whatever. Such evidence, under certain circumstances, may be received to sustain the credit of

a witness. See Conway v. The State, ante, p. 327, for such circumstances.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.