PEOPLE v. QUINN.

(Supreme Court, Appellate Division, Second Department.   January 10, 1908.)

CRIMINAL LAW—EVIDENCE—DECLARATIONS OF ACCOMPLICES.

On trial of defendant and another for a burglary, evidence that after the burglary, and in defendant's absence, the accomplice stated to a police officer, while being taken to the police station under arrest, that defendant participated in the crime, was inadmissible, being a mere narrative made after the act to be proved by it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 950, 1004.]

Appeal from Kings County Court.

Martin Quinn was convicted of burglary, and he appeals.   Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Martin T. Manton, for appellant.

Peter P. Smith, for respondents.

JENKS, J.   The defendant appellant and Savage were indicted for burglary.   It appears from the record that Savage had pleaded guilty. At the trial of the appellant a witness for the people, Officer Langdon, who had arrested Savage in the house burglarized, was permitted, over objection and exception, to testify that Savage, in the absence of the defendant, told the witness that the defendant took part in the crime. This confession, or at least the important part thereof, was made by Savage after his arrest, and when he was on his way to the police station house in the custody of Langdon.   I think that this ruling was reversible error.   When the confession (or its important part) incriminating the defendant was made, the burglary had ended.   People v. Huter, 184 N. Y. 237, 77 N. E. 6.   The rule is declared in Greenleaf on Evidence (volume 1 [15th Ed.] § 233), where, after discussion, the author says:

"In fine, the declarations of a conspirator or accomplice are receivable against his fellows only when they are either in themselves acts, or accompany and explain acts, for which the others are responsible, but not when they are in the nature of narratives, descriptions, or subsequent confessions."

See, also, Commonwealth v. Thompson, 99 Mass. 444; State v. Stair, 87 Mo. 268, 56 Am. Rep. 449, citing State v. Duncan, 64 Mo. 266; Abbott's Trial Brief, Criminal Cases, p. 314.

The judgment of conviction is reversed, and a new trial is ordered. All concur.