## PEOPLE v. MARTIN.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

1. CRIMINAL LAW—EVIDENCE—TESTIMONY OF ACCOMPLICE.

Where, in a prosecution for robbery, defendant claimed that, instead of participating therein, he tried to prevent it, it was error to permit an accomplice already convicted to testify that on the day succeeding the offense another accomplice gave him a watch taken from prosecutor, and said to witness: "Here is the watch Martin [the defendant] gave me. Go back and give it to the man, and just say Martin gave it to me."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1099–1111.]

2. SAME—CONSPIRACY.

Where the proof indicated a conspiracy between accused and his accomplices to commit the robbery in question, but did not show that the conspiracy extended to the disposal of the property secured or to do any illegal act subsequent to the time of the actual robbery committed, evidence of a subsequent conversation between two of the defendant's accomplices with reference to the disposal of a watch taken from prosecutor was incompetent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1002–1011.]

Appeal from Queens County Court.

Albert Martin was convicted of robbery, and he appeals. Reversed. New trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

John B. Merrill, for appellant.

Eugene N. L. Young (James A. Dayton, on the brief), for the People.

HOOKER, J. The defendant was convicted upon an indictment of three counts, the first charging burglary, the second larceny, and the third assault, and appeals.

It appears that on the evening of the occurrence the defendant was out with three other men, Fuchs, O'Keefe, and Nestlin; that they had been together for part of the evening and had been drinking, and that late in the evening they came upon the prosecuting witness, Koechler. The latter testified that he was knocked down, and that, raising the defendant's disguise or mask, he recognized the defendant while the latter was assaulting him. Money and a watch were taken from him. The defendant offered evidence tending to show that the assault was committed by his three companions in spite of his efforts, physical and verbal, to prevent it. The defendant's companion, Fuchs, already convicted of this robbery, was called by the people, and testified that the watch was given him by Nestlin on October 10th, and that he did not see the defendant on that day. The crime was committed between 12 and 1 o'clock on the night of October 9th. Fuchs was permitted to testify on direct examination that when he obtained the watch from Nestlin the latter said:

"Here is the watch Martin [the defendant] gave me. Go back and give it to the man, and just say Martin gave it to me."

A motion to strike out the answer was denied, and the defendant excepted. We think this ruling was prejudicial error. That the evidence was important as bearing upon the guilt of the defendant is clear, for it tended to show that the defendant's participation in the occurrence was that of criminal, rather than that of good Samaritan. That error was committed in allowing the evidence to remain in the case is clear, for it was in the nature of a narrative or subsequent confession by one of the accomplices. Nestlin's statement to the witness Fuchs was made the next day after the commission of the crime, and at a time when the purpose of the conspiracy, if any, had been attained. The proof in the case tended to show a conspiracy between the defendant and his three companions to commit the robbery, but fell short of establishing any conspiracy to dispose of the booty or to do any illegal act subsequent to the time of the commission of the actual robbery. The ruling upon the trial was therefore error. People v. Quinn (decided January 10, 1908) 107 N. Y. Supp. 1101, and cases there cited.

The judgment of conviction should be reversed, and a new trial ordered. All concur.