## STATE v. EDWARD LASHER AND ANOTHER.[1]

### November 5, 1915.

### Nos. 19,629—(244).

**Criminal law — wife not competent witness against her husband.**

> *Held,* following State v. Armstrong, 4 Minn. 251 (335), that the wife is not, under the statutes of this state, a competent witness against her husband in a prosecution for the crime of adultery.

Edward Lasher and another were indicted by the grand jury, tried in the district court for St. Louis county before Hughes, J., and a jury, and convicted of adultery. The case was certified to this court upon the question whether Anna Lasher, wife of defendant Edward Lasher, was a competent witness against her husband. Remanded for further proceedings.

*Lyndon A. Smith,* Attorney General, *Warren E. Greene,* County Attorney, and *Edward L. Boyle,* Assistant County Attorney, for plaintiff. *R. C. Pickering,* for defendant.

[1] Reported in 154 N. W. 735.

Note.—As to competency of husband or wife as witness against the other in criminal prosecutions, see notes in 2 L.R.A.(N.S.) 862; 22 L.R.A.(N.S.) 240; and 41 L.R.A.(N.S.) 1213.

Brown, C. J.

Defendants were jointly indicted for the crime of adultery, and were convicted by the jury on a joint trial of both. At the trial the wife of defendant Lasher was called as a witness by the state, and was permitted, over the objection and exception of defendants, to give evidence tending to establish the guilt of both defendants. Defendant did not consent that his wife might be sworn as a witness against him. Subsequent to the return of the verdict the trial court certified the cause to this court for the determination of the question "whether [the wife] was a competent witness against the said defendant Edward Lasher."

The precise question was presented in State v. Armstrong, 4 Minn. 251 (335), and there answered in the negative, the court holding that neither husband nor wife is a competent witness against the other in a prosecution of this kind. The decision there rendered has since been followed and applied, has not been criticised or disapproved in any later decision, and we discover no sufficient reason for now departing therefrom. The decision was founded upon the statute which declares that a husband cannot be examined for or against his wife without her consent, nor a wife for or against the husband without his consent. G. S. 1913, § 8375. No substantial change has been made in the statute since the Armstrong case was decided, and the provision thereof that the prohibition should not apply to "proceeding by one against the other, nor to a criminal action * * * for a crime committed by one against the other," was then a part of the statute. We think that, if the rule of the Armstrong case is to be changed, it should come about by an amendment to the statute. The authorities upon the question in other states are not in harmony, but the Armstrong case must be regarded as the settled law of this state. As against defendant Lasher the case of State v. Vollander, 57 Minn. 225, 58 N. W. 878, is not in point.

We therefore answer the certified question in the negative and hold that the learned trial court erred in permitting the wife of defendant Lasher to testify against him.

The cause is therefore remanded for further proceedings.