## STATE v. RAY R. MARSHALL AND ANOTHER.[1]

June 21, 1918.

No. 20,942.

**Criminal law — prosecution for adultery.**

1. A prosecution for the crime of adultery may be commenced by an indictment without a formal complaint being first made by the innocent spouce before a committing magistrate.

**Same — grand jury — evidence of innocent spouse.**

2. In such a prosecution the grand jury may not receive the evidence of the innocent spouse, without the consent of the defendant, and base a true bill in part upon such testimony.

**Same — motion to set aside indictment because of incompetent testimony.**

3. An indictment so found will not be set aside on motion on the ground merely that incompetent evidence was received by the grand jury.

Defendants were indicted by the grand jury of Hennepin county for the crime of adultery. Defendant Ray R. Marshall moved to quash the indictment on the grounds mentioned in the first paragraph of the opinion. The motion was denied by Fish, J., who certified the three questions enumerated in the opinion to the supreme court as important and doubtful. Remanded.

*Clifford L. Hilton,* Attorney General, *John M. Rees,* County Attorney, and *Walter H. Newton,* First Assistant County Attorney, for plaintiff. *Wright & Wright* and *Brady, Robertson & Bonner,* for defendant.

[1]Reported in 168 N. W. 174.

BUNN, J.

Defendant Ray R. Marshall, 'a married woman, moved to quash an indictment charging her with the crime of adultery. The grounds of the motion were two: (1) That the prosecution was not commenced on complaint of her husband, as required by G. S. 1913, § 8702; (2) That the indictment was based in part upon the testimony of the husband given before the grand jury without the consent of the wife. The trial court certified that the questions of law arising were so important and doubtful as to require the decision of this court, and with the consent of defendant and the state reported the action and motion to this court for its decision upon the following points, to wit:

(1) Can a prosecution for the crime of adultery be commenced by an indictment without a formal complaint being first made by the innocent spouse before committing magistrate?

(2) In a prosecution for the crime of adultery may the grand jury receive the evidence of the innocent spouse and base a true bill in part upon such testimony?

(3) If not, should an indictment so found be set aside on motion on the ground merely that incompetent evidence was received by the grand jury?

1. We answer the first question in the affirmative. The statute defining adultery and fixing the punishment (G. S. 1913, § 8702), provides that "no prosecution shall be commenced except upon complaint of the husband or the wife." We do not think this means that a formal complaint must be first made before a committing magistrate. The purpose of the statute is, as stated in State v. Armstrong, 4 Minn. 251 (335), to prevent prosecutions for this crime unless the innocent spouse feels "sufficiently injured by it" to institute proceedings. As said in State v. Brecht, 41 Minn. 50, 42 N. W. 602, "if the parties injured choose to acquiesce in the wrong done, no one else ought to be allowed to move in the matter." State v. Brecht is also authority for the proposition that the proper way to raise the question is by motion to set aside the indictment. On this motion it was shown merely that no formal complaint was made by the husband before a committing magistrate, and an answer to the question does not require us to decide what kind of complaint satisfies the statute, as, for instance, whether

complaint to the county attorney is sufficient, or complaint made directly to the grand jury. 2 C. J. 18, and cases cited.

2. The second question is answered in the negative. In a prosecution for the crime of adultery the grand jury may not receive the evidence of the innocent spouse, husband or wife of the defendant, and base a true bill in part upon such testimony. A grand jury, in the investigation of a charge for the purpose of indictment or presentment, can receive none but legal evidence. G. S. 1913, § 9117. Since the decision of State v. Armstrong, 4 Minn. 251 (335), it has been the law in this state that under our statute the husband or wife of a defendant on trial for adultery is not a competent witness against the defendant, without his consent. It might have been held that adultery on the part of one spouse was a crime committed against the other, and therefore that the innocent spouse could testify against the defendant. But the contrary was held, and in State v. Lasher, 131 Minn. 97, 154 N. W. 735, it was recognized that the authorities in other states were not in harmony, but it was deliberately held that the Armstrong case "must be regarded as the settled law of this state." The suggestion that this court re-examine the question comes too late.

3. The third question is answered in the negative. An indictment for adultery will not be set aside on motion simply because it appears that the grand jury received the incompetent testimony of the spouse of the defendant, and based its indictment in part upon such testimony. The authorities are not entirely in accord on this question, but the decided weight of authority favors the proposition stated. 22 Cyc. 422, and cases cited. Noll v. Dailey, 47 L.R.A. (N.S.) 1207, and cases cited in the elaborate note on the exact question. Also note to Commonwealth v. Hayden, in 28 L.R.A. 318. Defendant relies upon New York cases, particularly People v. Briggs, 60 How. Pr. 17, and People v. Moore, 65 How. Pr. 177. It is enough to say that New York stands practically alone in holding that an indictment should be quashed when it appears that it was based in part upon incompetent evidence given before the grand jury. The author of the note in 47 L.R.A. discusses the New York cases. It does not appear in the case at bar that there was not ample evidence outside of that of the husband to warrant the indictment. It only appears that he was one of the several witnesses

examined, and, from the form of the question reported to us, that the indictment was based in part upon his testimony. We decide only the question before us, and not what would be the law in some other situation.

State v. Froiseth, 16 Minn. 260 (296), and State v. Gardner, 88 Minn. 130, 92 N. W. 529, holding that where a defendant has been compelled to testify against himself before the grand jury, an indictment based on such testimony will be set aside, are distinguishable. They are in line with the authorities elsewhere. 22 Cyc. 423, and cases cited. The constitutional right of the defendant is violated by the grand jury in such a case.

The questions reported to this court are decided as above stated, and the case is remanded to the district court for further proceedings.