## STATE v. DAVE ALLISON.[1]

July 13, 1928.

No. 26,857.

**Prosecution for adultery cannot be dismissed by injured spouse.**

1. A prosecution for adultery can be commenced only on complaint of injured spouse; but after it has been commenced it is within the control of the court and cannot be dismissed by the complainant.

**Confession of adultery by one party not admissible against the other.**

2. An admission or confession by one paramour is not admissible against the other. If both are tried together it is admissible against the maker but against the maker only, and refusing to instruct that it is not evidence against the other is error.

**Admission of such confession error.**

3. The court erred in admitting such a confession as evidence against both and in refusing to instruct that it was not evidence against the appellant.

Adultery, 2 C. J. p. 17 n. 83; p. 18 n. 99.
Criminal Law, 16 C. J. p. 659 n. 34; p. 853 n. 96.

See note in 4 A. L. R. 1340; 1 R. C. L. 641; 1 R. C. L. Supp. 224.

[1]Reported in 220 N. W. 563.

Defendant was convicted in the district court for Rice county of the crime of adultery, and appealed from an order, Senn, J. denying his motion for a new trial. Reversed.

*Moonan & Moonan* and *Charles Spillane,* for appellant.

*G. A. Youngquist,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Thomas H. Quinn,* County Attorney, for the state.

TAYLOR, C.

On October 24, 1927, Rudolph Jettenberg made a complaint before the judge of the municipal court of the city of Faribault charging his wife, Edith Jettenberg, and defendant Dave Allison with the crime of adultery. On November 10, 1927, the county attorney filed an information charging them jointly with that crime. They were tried together, the trial beginning on November 16, 1927. At the opening of the trial Jettenberg presented a verified petition asking that the prosecution be dismissed and stating therein his reasons for making the request. The application was denied. Both defendants were convicted. Defendant Allison appealed from an order denying a new trial.

Defendant Allison contends that the court erred in denying the application of the complainant, Jettenberg, to dismiss the prosecution. The statute reads:

"Whenever any married woman shall have sexual intercourse with a man, other than her husband, whether married or not, both shall be guilty of adultery, and punished by imprisonment in the state prison for not more than two years, or by a fine of not more than three hundred dollars; but no prosecution shall be commenced except on complaint of the husband or the wife, save when such husband or wife shall be insane, nor after one year from the commission of the offense." G. S. 1923 § 10184.

A prosecution can be commenced only on the complaint of the husband or wife of one of the guilty parties unless such spouse be insane. Whether, after it has been commenced, the one who caused it to be commenced may have it dismissed is a question not hereto-

fore presented to this court. Cases in which that question has been considered under a similar statute are not numerous, but the courts of Iowa, Washington and North Dakota hold that after such a prosecution has been properly commenced it is thereafter completely within the control of the court and cannot be dismissed by the complaining spouse. State v. Baldy, 17 Iowa, 39; State v. Dingee, 17 Iowa, 232; State v. Briggs, 68 Iowa, 416, 27 N. W. 358; State v. Athey, 133 Iowa, 382, 108 N. W. 224; State v. Leek, 152 Iowa, 12, 130 N. W. 1062; State v. Astin, 106 Wash. 336, 180 P. 394, 4 A. L. R. 1335; State v. Beck, 52 N. D. 391, 202 N. W. 857. This last case, which is the latest, reviews the authorities. See also State v. Ayles, 74 Or. 153, 145 P. 19, Ann. Cas. 1916E, 738.

The Michigan court holds that the spouse who caused the prosecution to be commenced has the right to have it dismissed. People v. Dalrymple, 55 Mich. 519, 22 N. W. 20; Hosford v. Gratiot Circuit Judge, 129 Mich. 302, 88 N. W. 627. The three-line decision of Chief Justice Cooley in the first of these cases and a dictum in the second seem to be the only authority for so ruling under a statute similar to ours. The Oklahoma statute provides that a prosecution for adultery "can be commenced and *carried on*" only by the spouse of one of the parties. Under that statute the Oklahoma court held that the spouse who instituted the prosecution had the right to dismiss it. Taylor v. State (Okl. Cr. App.) 232 P. 963; Ex parte Lawrence (Okl. Cr. App.) 233 P. 1101.

The arguments for permitting the spouse who instituted the prosecution to dismiss it are set forth forcefully and exhaustively in the dissenting opinion of Chief Justice Chadwick in State v. Astin, 106 Wash. 336, 180 P. 394, 4 A. L. R. 1335. They are predicated largely on the claim that the offense is a crime against the innocent spouse, but not against the state.

The legislature defined the crime and made it punishable as a felony, but forbade a prosecution unless initiated by husband or wife. As a matter of policy the legislature deemed it wise to give the unoffending spouse the power to avoid the publicity and notoriety which would follow from spreading such a charge upon the public records, and to leave the way open for the parties to effect

a reconciliation free from the fear of a prosecution instituted by outsiders. But the statute does not purport to give the complaining spouse any control over the prosecution after it has been commenced. We concur with those courts which hold that the statute makes the offense a crime against the state, and that, if commenced as authorized by the statute, it is thereafter solely within the control of the court. That the offense is a crime against the state and not against the other spouse is the basis of the rulings in State v. Armstrong, 4 Minn. 251 (335); State v. Lasher, 131 Minn. 97, 154 N. W. 735; and State v. Marshall, 140 Minn. 363, 168 N. W. 174.

After the defendants were arrested, the defendant Jettenberg made a written confession, in the absence of defendant Allison, in which she admitted the commission of the act charged and also the commission of a number of other similar acts. The state offered this confession in evidence. Defendant Allison objected to it on the ground that it was hearsay and not binding upon him. The objection was overruled and the confession received in evidence. Defendant Allison requested the court to instruct the jury that it was not binding upon him and could not be construed as a confession or admission against him. The court refused to give this instruction, and gave an instruction which in effect told the jury that it was evidence against Allison to the same extent as against defendant Jettenberg. These rulings are urged as error.

The authorities with little or no variation hold that in a prosecution for adultery an admission or confession by one paramour is not admissible in evidence against the other. It is admissible only against the one who made it. Where the two are being tried together it may properly be received in evidence, but only as evidence against the one making it. The offer should limit it to that purpose, and the jury should be clearly instructed that it is not evidence against the other. Frost v. Commonwealth, 9 B. Mon. (Ky.) 362; Commonwealth v. Thompson, 99 Mass. 444; Lawson v. State, 20 Ala. 65, 56 Am. D. 182; Owens v. State, 94 Ala. 97, 10 So. 669; McAlpine v. State, 117 Ala. 93, 23 So. 130; Territory of Hawaii v. Castro, 14 Hawaii, 131; People v. Helm, 283 Ill. 370, 119 N. E. 342; Wiley v. State, 33 Tex. Cr. 406, 26 S. W. 723; Whicker v. State (Tex. Cr.)

55 S. W. 47; State v. Wakefield, 111 Or. 615, 228 P. 115; State v. Berry, 24 Mo. App. 466; Sams v. State, 195 Ind. 497, 145 N. E. 773.

The state urges that there is ample evidence to sustain a conviction outside this confession. We find sufficient other evidence upon which the jury could have found defendant Allison guilty. But it cannot be said that erroneously giving this confession to the jury as an admission against him did not affect his substantial rights. It was an express admission of guilt. As to him it was hearsay. He had the constitutional right to be confronted by the witnesses against him. The woman did not testify. Placing her unsworn written statement in evidence against him amounted in effect to placing it before the jury as her testimony in violation of that constitutional right. For the error in these rulings there must be a new trial.

Order reversed and a new trial granted.

Hilton, J. took no part.