## THE STATE OF IOWA v. DINGEE.

1. **Criminal law:** ADULTERY: PROSECUTION. When the wife filed an information before a justice of the peace, charging her husband with the crime of adultery, it was held, that the prosecution was commenced by the wife within the meaning of the statute, and that her appearance before the grand jury by which an indictment was found against him was not essential to the validity of the indictment.

2. —— JOINDER OF DEFENDANTS. It is not necessary, in an indictment for adultery, to join as defendants both of the guilty parties. They may be separately indicted.

*Appeal from Linn District Court.*

TUESDAY, OCTOBER 18.

THIS is a prosecution for adultery. The defendant demurred to the indictment, which was sustained, and the defendant discharged. The State appeals. The further facts appear in the opinion of the court.

*C. C. Nourse,* Attorney-General, for the State.

No appearance for the appellee.

COLE, J.—The indictment was found at the November Term, 1863, and is for adultery alleged to have been committed by the defendant, a married man, with one Rebecca Austin, and is in the usual form. After concluding the averment of facts showing the offense, the indictment contains the further averments, "that, on the day and year aforesaid, at the county aforesaid, Jane Dingee was the lawful wife of said Jacob Dingee, and that, at said county, on the 9th day of September, A. D. 1863, the said Jane Dingee, being still the wife of said Jacob Dingee as aforesaid, did commence this prosecution for said crime of adultery against said Jacob Dingee, by filing in the office of A. Monson, a justice of the peace in said county, an information, under oath, charging said

*[margin: 1. CRIMINAL LAW: adultery: prosecution.]*

Jacob Dingee with said crime, and taking such other steps that, in the further progress of said prosecution, the said Jacob Dingee, on the 11th day of September, was, by said justice of the peace, held to answer said charge at the next term of the District Court of said county, as by law provided." The name of Jane Dingee, the wife, was not indorsed on the back of the indictment. The defendant demurred, because, " *First*, the indictment shows that this action is not commenced on the complaint of the wife. *Second*, the indictment shows that the wife of defendant was not before the grand jury by whom the indictment was found. *Third*, the person with whom the pretended adultery is alleged to have been committed is not joined in the indictment." This demurrer was sustained; and the correctness of that decision is the only question for our determination. The first cause of demurrer is not true in fact, as appears by the indictment itself, which shows that the prosecution was commenced on the complaint of the wife. The second cause assigned is entirely immaterial; for, if the prosecution was commenced on the complaint of the wife, that is sufficient, without her appearance before the grand jury.

As to the third cause, that the other party to the adultery 2. —— Join- is not joined, it is clear that such joinder is not der of defendant. necessary. The better practice is to indict them separately, although they may be indicted jointly. 1 Whart. Am. Cr. Law, § 429 ; *State* v. *Gay*, 10 Missouri, 540 ; *United States* v. *O'Callahan*, 6 McLean, 596 ; *Commonwealth* v. *Elwell*, 2 Met., 190 ; *State* v. *Mainor*, 6 Iredell, 340. Our statute (Revision, § 4347), which defined the offense of adultery and prescribes the penalty, also provides that "no prosecution for adultery can be commenced but on the complaint of the husband or wife." It is sufficient, under this statute, that the prosecution is *commenced* by the husband or wife, and it is immaterial where it is commenced, whether before the examining magistrate or the grand

jury. After it is thus *commenced* by the husband or wife, the case is in the complete control of the courts, and the further voluntary prosecution by the husband or wife is unnecessary. *The State of Iowa* v. *Baldy* (*ante.*) The judgment of the District Court is therefore reversed, and the cause remanded, with instructions to overrule the demurrer and give leave to defendant to plead over.

Reversed.