THE STATE V. STOUT.

1. **Adultery**: COMPLAINT BY WIFE: WHAT IS NOT. The mere fact that a wife, in obedience to a subpœna, testifies before the grand jury upon the question of her husband's adultery, does not constitute a complaint by her against her husband, within the meaning of § 4008 of the Code, which provides that no prosecution for adultery can be commenced except on the complaint of the husband or wife. (*State v. Donovan*, 61 Iowa, 278, followed.)

*Appeal from Henry District Court.*

SATURDAY, MARCH 12.

INDICTMENT for adultery. Trial by jury. Verdict of guilty. Judgment. The defendant appeals.

*Woolson & Babb*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

SEEVERS, J.—The indictment, among other things, states or charges that this prosecution is commenced on the complaint "of the wife of the defendant." It is provided by statute that "no prosecution for adultery can be commenced but on the complaint of the husband or wife," (Code, § 4008,) and the only question we are called on to determine is whether this prosecution is so commenced.

In *Bush v. Workman*, 64 Iowa, 205, it was said that the statute is plain, easily understood, and that it forbids prosecutions for adultery except when the same are commenced on the complaint of the husband or wife.

In *State v. Henke*, 58 Iowa, 457, it was held that an averment in the indictment that the prosecution was commenced on the complaint of the wife was insufficient, and that the fact that the prosecution was so commenced was material, and must be established on the trial.

But in *State v. Donovan*, 61 Iowa, 278, it was held that such fact could be established by a preponderance of the

evidence. In the same case the court instructed the jury that if the defendant's wife "appeared before the grand jury in response to a subpœna, and testified in the case, but not intending to prefer the charge of adultery against the defendant; but gave her testimony supposing she was required to do so, this would not be a complaint by her against her husband, within the meaning of the law." It was said that this instruction announces a correct rule.

In the present case, the court instructed the jury that, if the wife of the defendant went before the grand jury as a witness, even though she did so in obedience to a subpœna, and testified as a witness, this would be sufficient to sustain the averment in the indictment, in the absence of evidence to the contrary, that the prosecution was commenced on the complaint of the defendant's wife. It seems to us that this instruction conflicts with the instruction which was approved in *State v. Donovan,* above cited. Besides this, a complaint we understand to be a formal allegation or charge, preferred by some one against another, to an appropriate court or officer. Such a complaint, the statute requires, must be preferred by husband or wife. The indictment is not necessarily so preferred. Mrs. Stout no doubt testified to certain facts before the grand jury, and it will be conceded that she could not have been compelled to testify, but still she may not have believed her husband guilty, and did not intend to prefer a complaint against him. The mere fact that she testified as a witness is materially different from preferring a complaint. She in fact made no complaint, but simply responded to such questions as were asked her. We think the instruction above referred to is erroneous, and that there is no sufficient evidence showing that Mrs. Stout made a complaint as provided by statute.

REVERSED.