STATE OF IOWA *v.* MARY E. LOFTUS, Appellant.

**Adultery:** OPPORTUNITY: ELECTION.   Where the evidence, in a prosecution for adultery, shows only opportunities for intercourse at different times, the state should be required to elect on which occasion it will rely.

**Evidence:** LETTERS.   Letters written by the alleged paramour of defendant in a prosecution for adultery, which are not connected with the accused, are inadmissible as evidence.

**Complaint:** BY WHOM MADE: EVIDENCE.   A prosecution for adultery can only be instituted on a complaint of the injured spouse. Evidence held sufficient to support a finding that the prosecution was instituted by the husband.

**What constitutes complaint.**   Appearance of a spouse before the grand jury simply as a witness is not proof of a purpose to make complaint of adultery.

**Complaint by divorced spouse.**   One divorced spouse cannot institute a prosecution against the other for adultery committed during the marriage relation under Code, section 4932.

*Appeal from Keokuk District Court.*— HON. B. W. PRESTON, Judge.

TUESDAY, OCTOBER 17, 1905.

The defendant was convicted of the crime of adultery, and appeals.— *Reversed.*

*Brown & Willcockson,* for appellant.

*C. W. Mullan,* Attorney General, for the State.

LADD, J.— I.    The accused was the wife of James Loftus, with whom she had lived as such for twenty-eight years, and from whom she had been divorced prior to the commencement of this action, owing to cruel and inhuman treatment on his part.    He testified that in the evening of July 26, 1904, his wife said she would sleep downstairs, and he came down at about 11 o'clock p. m., and discovered she had gone; that Merrifield lived across the street, and that he walked over and saw " her coming from towards the barn, and Merrifield was standing in the barn door "; that she was without hat or shoes, and he asked her if she was sick, to which she made no reply, but returned to the house and then left again, and he did not see her until the second morning thereafter; that on July 29th, following, he saw her go into Merrifield's barn shortly after 9 o'clock in the evening, and Merrifield follow a few minutes later, and, though he was gone for a witness no more than 10 minutes, the barn was empty upon his return.    These were the only opportunities for sexual intercourse within the county which the evidence tended to show, and unless the crime was committed on one of these occasions the accused should have been acquitted.    When the State rested, defendant moved that the State be required to elect upon which transaction it would rely.    The motion was overruled.    It should have been sustained.    *State v. King,* 117, Iowa, 492; *State v. Norris,* 122 Iowa, 154, and cases cited.    The ruling of the court finds no support in *State v. Higgins,* 121 Iowa, 19, for there the adulterous relationship was continuous; the parties occupying the same room for several months.    Here the offenses, if committed at all, were distinct and separate, and, as recognized in that case and held by the authorities generally, an election should have been exacted.

1. ADULTERY: opportunity: election.

II.    The State introduced in evidence, over defendant's objections, five billets and the contents of another, which had been lost.    These were unsigned, and contained nothing to indicate the person for whom intended.    The evidence tended

to show that they were in the handwriting of Merrifield, and
2. EVIDENCE:  that one of them was found under the bed
letters.  in which defendant and her husband were ac-
customed to sleep, about two weeks prior to the divorce, and
the others in an unsealed envelope under the bed in the spare
room, where no one slept. How they reached the house does
not appear, and, if ever in the possession of or seen by the de-
fendant, the record fails to disclose the fact. Two witnesses
say that they saw notes exchanged by defendant and Merri-
field on the street, and the husband testified that, in speaking
of the divorce proceedings, he said to her, " I have got some
notes which will be pretty hard for you to account for," to
which she replied: " They don't amount to much. There is
no name signed." To what notes either referred is not dis-
closed. The record fails to connect those introduced in evi-
dence with the accused, and it was error to admit them.

III. Whether the prosecution was begun on the hus-
band's complaint is extremely doubtful. He appeared before
the grand jury in response to a subpœna, and with reference
3. COMPLAINT:  thereto testified: " That was the only reason
by whom  that I came. Mrs. Merrifield and the county
made:
evidence.  attorney wanted me to come, and I came be-
cause I was subpœnaed. I do not think I told the county
attorney that I wanted an indictment found against defend-
ant. Mrs. Merrifield wanted it done." On redirect exam-
ination he testified that he would have come without a sub-
pœna, if the county attorney had sent for him; that he had
told him at Delta that he " wanted them both punished."
The only evidence on direct examination was his statement
that he " appeared before the grand jury and demanded that
an indictment be found against the defendant." This state-
ment is in the nature of a conclusion, and, if based on the
particulars given, is without support. Indeed, the fair infer-
ence to be drawn from his assertion that " Mrs. Merrifield
wanted it done " is that it was not on his motion. The state-
ment to the county attorney was not in the nature of a

complaint, which in any event must be made to a committing magistrate or before the grand jury. *State v. Briggs,* 68 Iowa, 416. But the jury might have found that the demand that defendant be indicted was made, and, if so, that the prosecution was begun on Loftus's complaint. The issue, however, was for the jury. *State v. Donovan,* 61 Iowa, 278; *State v. Stout,* 71 Iowa, 343.

Unless he intended, in what he did and said, to prefer a charge against defendant, the prosecution was not begun on his complaint, and the jury should have been so informed.

4. WHAT CON-STITUTES COMPLAINT.

Instead, the court instructed that " the appearance before the grand jury as a witness by the husband against the wife, and his testifying against his wife and assisting in obtaining testimony, is a commencement of the prosecution as contemplated by law." There is nothing in the record to indicate that he aided in obtaining testimony, and testifying before the grand jury in response to a subpœna, without more, furnishes no proof of purpose to make complaint.

IV. No prosecution for adultery " can be commenced except on complaint of the husband or wife." Section 4932, Code. Though Loftus was husband of defendant when the

5. COMPLAINT BY DIVORCED SPOUSE.

offense is said to have been committed, he had ceased to be such when the prosecution was begun; and appellant insists that his status was not such as to entitle him to make complaint. We have repeatedly said that the offense is against the unoffending spouse, as well as the State, in explaining the reason for this provision in the statute; and we are of the opinion that the unoffending spouse must be such when the prosecution is commenced. In *State v. Smith,* 108 Iowa, 440, the defendant committed the adultery with Mrs. Worthley, who was thereafter divorced from her husband. Subsequently they were remarried and then Worthley caused Smith to be indicted, and the court held that the hiatus between the entry of the decree of divorce and remarriage would not defeat the

husband's right to prosecute; he being such both when the offense was committed and when the prosecution was begun. The instant case is distinguishable from that decision, in that Loftus, at the time he is said to have made complaint, was not the defendant's husband.    Not being such, the prosecution could not be commenced.    The opinion in *State v. Smith* contains some expressions not in harmony with these views, and, as the writer thinks, not essential to the conclusion there reached.    But, regardless of this, the court as now constituted, without being committed to the construction of the statute as there announced, is united in adjudging that this prosecution was begun without authority.— *Reversed.*