1 Criminal law: ADULTERY: EVIDENCE. Although inclination and opportunity are not alone sufficient to establish the crime of adultery, still it may be shown by proof of circumstances which lead a reasonable man to believe the crime to have been committed.
2 Same: INSTRUCTIONS. Where the evidence of adultery tends to negative any possibility of involuntary intercourse an instruction that to warrant conviction the same must have been voluntary is unnecessary and would be without support in the evidence.
3 Same: EVIDENCE: SUBSEQUENT CONDUCT. Subsequent relation of the parties may be shown as tending to corroborate other evidence of the crime of adultery, if such relation appears to have been part of a continuous course of illicit conduct.
4 Same: INSTITUTION OF PROSECUTION: EVIDENCE. Under the evidence the question of whether the wife of one of defendants instituted the prosecution was for the jury.
5 Same: DISMISSAL OF CAUSE. The fact that a wife instituting a prosecution for adultery subsequently relents is not ground for dismissal of the case.
6 Same: EVIDENCE: PRIVILEGED COMMUNICATIONS. One not a party to a communication is not entitled to raise the question of privilege. And testimony of a county attorney to the fact of the filing of an information by the wife charging her husband with adultery is not of a privileged nature.
7 Misconduct in argument. Where a county attorney is prevented on defendant's objection from going into matters not pertinent to the case his attempt to do so is harmless.
8 Same: DISCRETION OF COURT. Whether there has been a presentation of points in the closing argument for the state not sufficiently referred to in the opening argument, or in that of counsel for defendant, is largely a matter for the court in its discretion to determine; and unless a clear abuse of such discretion is shown its ruling will not be disturbed on appeal.
9 Misconduct in argument. Misconduct in argument on the part of a prosecuting attorney, without erroneous ruling by the court, will not in itself constitute reversible error, unless it amounts to a wholly improper consideration likely to influence the jury.
10 Same. Reference by a prosecuting attorney in argument to religious and fraternal orders when made as an appeal to the sentiment of the jurors is improper; but where the same is not shown to have affected the verdict or to have been made a ground for new trial the cause will not be reversed on that account.
During the year 1907, defendant was in the employ of Thos. E. Mason, a photographer, and during at least a portion of the time she lived in the home of Mason and his wife. The evidence tended to show that during the month of July of that year, on three occasions, there were acts of undue familiarity in the relations of defendant to Mason; that is, acts which are generally understood to indicate an inclination to unchastity as between a married man and a woman not his wife. There was also specific evidence given by a daughter of Mason, then about eleven years old, that on a specific Sunday in July while her mother was away from home visiting relatives and defendant was staying at the house, defendant asked Mason to go upstairs with her, and that when the little girl afterward sought the room upstairs in which she and the defendant usually slept she found the door locked, and on being admitted after a few minutes found defendant and *Page 14 
Mason in the room, the one sitting on the bed, the other on a chair. In February, 1908, Mason left home and about two weeks later the defendant also disappeared. About two years later they were found living together as husband and wife in Oklahoma, under the name of Thomas, where defendant admitted that she had been with Mason in Kansas before they moved to Oklahoma, and that she had had a child which survived but a short time, which would have been of such age that it might have been conceived about the time of the improper relations above referred to at Mason's home.
I. CRIMINAL LAW: adultery:evidence.
I. The sufficiency of the evidence to support the verdict finding the defendant guilty of adultery with Mason, committed at his home in Greene County during July, 1907, can not be seriously questioned. It is said for appellant that proof of the inclination and opportunity is not sufficient to establish the fact of criminal intercourse. As a rule of law, this is a correct statement; but the crime may be proven by circumstances such as would lead a reasonable man to believe that the offense had been committed. State v. Thompson, 133 Iowa, 741; State v.Schaedler, 116 Iowa, 488; State v. More, 115 Iowa, 178; State v.Ean, 90 Iowa, 534. In this case there was not only proof of inclination and general opportunity, but also of the circumstance that the parties had voluntarily secluded themselves on an appropriate occasion in a bedroom, the door of which was locked. Surely there could be no more cogent circumstantial evidence of the commission of the act, short of proof that they had been seen in its actual commission.
2. SAME: instructions.
In this connection the complaint of the appellant that the court did not instruct the jury as to the necessity of proof that the act of intercourse, if any committed as alleged, was voluntary on the part of the defendant may be disposed of with the suggestion that the evidence tending to show criminal inter- *Page 15 
course in itself negatived any possibility of a finding by the jury that such intercourse was on defendant's part involuntary. There was no occasion for specific instruction on this point, and if such request had been made it might properly have been refused on the ground that there was no evidence to support it.
3. SAME: subsequent conduct.
II. Errors are assigned in the action of the court in admitting evidence of the relations of the defendant and Mason in Oklahoma, and in allowing the jury to consider testimony as to such relations in determining whether defendant was guilty of the crime charged to have been committed in Greene County. It is well settled that subsequent relations of the parties charged with adultery may be proven, as tending to corroborate other evidence that the crime was committed, if the subsequent improper relations appear to have been part of a continuous course of illicit conduct. Such evidence is competent, as tending to show the disposition of the parties at the time when the crime is charged to have been committed. State v. More, 115 Iowa, 178, and cases there cited. The evidence already referred to was amply sufficient in our judgment, to justify the admission and consideration of such evidence. The circumstances proven would tend to show continuous illicit relations, commencing prior to the date of the crime charged.
4. SAME: institution of prosecution: evidence.
III. It is further contended for appellant that there was not sufficient evidence to justify the court in submitting to the jury the question whether the prosecution was commenced my Mason's wife. It appears that she filed information before a justice of the peace, charging Mason and the defendant with the crime, and that a warrant of arrest was issued which was never served, the proceeding before the justice of the peace being subsequently dismissed; and Mrs. Mason, after a consultation with the county attorney, voluntarily appeared before the grand jury and gave testimony on *Page 16 
5. SAME: dismissal of cause.
which both Mason and the defendant were indicted, with the result that they were arrested in Oklahoma and brought to Greene County for trial. Mrs. Mason, testifying as a witness on the trial of the defendant, stated that she had no desire to prosecute either of the parties, but went before the grand jury for the purpose of securing the return of her husband to her. Under these circumstances it was clearly a matter to be determined by the jury, in the light of Mrs. Mason's actions, as well as of her testimony, whether she had in fact voluntarily instituted the prosecution. The fact that she subsequently relented and desired that defendant should not be convicted would not require the dismissal of the case as to defendant, if it had been properly instituted on her complaint. It is sufficient that the fact of institution of the suit on the wife's complaint is established by a preponderance of the evidence.State v. Athey, 133 Iowa, 382; State v. Harmann, 135 Iowa, 167.
6. SAME: evidence: privileged communications.
IV. The county attorney who had charge of the prosecution at the time the case was investigated by the grand jury testified with reference to the previous filing of the information before the justice of the peace, and it was objected that his testimony related to a privileged communication as between him and the prosecuting witness. The record does not seem to be such as to justify a discussion of the question whether such communications are privileged, for in the first place defendant is not entitled to raise the question of privilege, inasmuch as she was not a party in any way to the communication (4 Wigmore, Evidence, section 2321), and in the second place the testimony of the county attorney did not relate to any communication, but only to the fact of the filing of the information, which the state was allowed to prove, as bearing on the question whether the prosecution was voluntarily commenced.
7. MISCONDUCT IN ARGUMENT.
V. Much is said in the argument for appellant relat- *Page 17 
ing to alleged misconduct of the county attorney in presenting the case to the jury in his opening statement and closing argument. As to the opening statement, it is sufficient to say that the attorney was, on defendant's objection, prevented from going into a matter which was not pertinent to the case, and no prejudice could have resulted from his attempt to do so.
8. SAME: discretion of court.
Defendant's counsel asked to have the opportunity to reply to some statements made by the county attorney in the closing argument. We think it was entirely within the discretion of the court, under the circumstances, to determine whether there had been any presentation of points not sufficiently referred to in the county attorney's opening argument, or in the argument of defendant's counsel, to require a reply for defendant. We have not before us, of course, the entire subject-matter of the arguments which had been made to the jury, and we are not justified in assuming, in accordance with appellant's contention, that particular matters referred to in the county attorney's closing argument had not been previously commented upon. Matters of this kind are so largely in the discretion of the trial judge that we would not be justified in interfering with his ruling denying further argument, in the absence of a clear showing of an abuse of discretion, such as this record does not present.
9. MISCONDUCT IN ARGUMENT.
Various objections were interposed by defendant's counsel from time to time during the county attorney's closing argument with reference to statements therein made not being in accordance with the evidence, but there is no complaint as to the rulings of the court on these objections, and no indication that the county attorney was not kept within proper limits. It must be borne in mind that the county attorney is not the court, and that impropriety of conduct on his part does not constitute in itself reversible error. It is only when the misconduct complained of is such as to indicate, under *Page 18 
the record, improper considerations being presented to the jury which, in view of the record, were likely to influence their action that a new trial on the ground of misconduct alone, without erroneous ruling on the part of the court, should be granted.
10. SAME.
One statement of the county attorney in his closing argument should perhaps receive specific mention. Without apparent reason he referred to a fraternal organization and a church as standing for morality and the welfare of the community. If he attempted in this way to appeal to any particular sentiment on the part of the members of some fraternal organization or of some particular church, his conduct was reprehensible. Such an appeal, if attempted, was not only wholly unprofessional and on that ground subject to severe condemnation, but it was wholly inconsistent with his proper attitude as attorney of the state in a criminal prosecution. But the record before us does not in any way indicate that the verdict was the result of any improper arguments addressed to the jury. And the court was not asked to grant a new trial on account of any prejudice or improper influence due to this particular part of the argument of the county attorney.
VI. The overruling defendant's challenge to a juror for cause is also assigned as error, but the record shows no abuse of discretion on the part of the court in holding that he was competent, within the principles of qualification of jurors often announced. The judgment isaffirmed.
 *Page 1