STATE OF IOWA, Appellee, v. W. F. LEDFORD, Appellant.

**ADULTERY:** Commencement of Prosecution—Taking Issue from
1  Jury. The issue whether a prosecution for adultery was *commenced* by the spouse of defendant must not be taken from the jury by a peremptory instruction "that the prosecution was so commenced," when the evidence bearing on the marriage relation existing between the defendant and the prosecutrix is inconclusive or in dispute. And this is true irrespective of any questions as to the burden of proof on such issue. (Section 4932, Code, 1897.)

**ADULTERY:** Elements of Offense—Marriage Relation. On a charge
2  of adultery with an unmarried person, the burden *never* shifts from the State to show, beyond a reasonable doubt, that a lawful marriage relation exists between defendant and the one commencing the prosecution. It follows that the court cannot lawfully deprive the jury of the right to pass on such issue. (Section 4932, Code, 1897.)

*Appeal from Appanoose District Court.*—D. M. ANDERSON, Judge.

TUESDAY, SEPTEMBER 26, 1916.

. THE defendant, having been indicted and convicted upon a charge of adultery, has appealed from the judgment rendered against him.—*Reversed* and *Remanded.*

*Howell, Elgin & Howell,* for appellant.

*George Cosson,* Attorney General, and *John F. Fletcher,* Assistant Attorney General, for appellee.

WEAVER, J.—I.  So far as the allegation of illicit relations between the defendant and his alleged paramour is concerned, the verdict has abundant support in the testimony, and the argument of counsel that the State failed to make due proof in this respect is without merit.

II.  The trial court instructed the jury as a matter of law that this action was prosecuted "upon complaint of Lizzie Ledford, the lawful wife of the said W. F. Ledford at the time the prosecution was commenced."

1. ADULTERY: commencement of prosecution: taking issue from jury.

Error is assigned upon this instruction, and we are constrained to hold this exception well taken.  The statute, Section 4932, Code, 1897, provides that no prosecution for adultery "can be commenced except on the complaint of the husband or wife."  The indictment charges in terms that the defendant, at the time and place mentioned, had unlawful sexual intercourse with one Oda Stewart; that he was at that time the husband of another woman, one Lizzie Ledford; and that thereafter, Lizzie Ledford, still being the lawful wife of defendant, filed the information by which this criminal proceeding was instituted. The plea to the indictment necessarily put this allegation of fact in issue, and without proper proof thereof, a conviction could not properly be had or a verdict of guilty be sustained. It is true that the fact of the commencement of the prosecution by the wife is not an element of the crime charged, and therefore need not be proved beyond a reasonable doubt. *State v. Donovan,* 61 Iowa 278; *State v. Athey,* 133 Iowa 382; *State v. Harmann,* 135 Iowa 167.  It is, however, an essential ele-

ment in the right of the State to prosecute and convict the offending spouse. *State v. Roth,* 17 Iowa 336; *State v. Henke,* 58 Iowa 457; *State v. Briggs,* 68 Iowa 416. A preponderance of the evidence upon this issue is sufficient. *State v. Leek,* 152 Iowa 12. It follows that, where the question of the existence of the marriage relation between the defendant and the prosecutrix is the subject of dispute in the testimony, or the testimony which tends to show the alleged marriage, is of a character which the jury may rightfully reject as inconclusive or unworthy of belief, it is not within the province of the court to dispose of the question as a matter of law. *State v. Henke,* 58 Iowa 457; *State v. Donovan,* 61 Iowa 278, 280. To the necessary effect are the holdings in *State v. Athey,* 133 Iowa 382; *State v. Mahan,* 81 Iowa 121; *State v. Maas,* 83 Iowa 469; *State v. Andrews,* 95 Iowa 451; *State v. Stout,* 71 Iowa 343; *State v. Harmann,* 135 Iowa 167. See also *People v. Isham* (Mich.), 67 N. W. 819.

There is some apparent inconsistency in the cases, upon the question whether the burden is on the State, in the first instance, to prove that the prosecution was instituted by the spouse of the accused, or is on the latter to show the fact which exempts him from prosecution under the statute. But even though it be held that the burden is not on the State,—if, as in this case, the question is raised and the evidence is such that the jury may properly find that the prosecutrix is not the wife of the defendant,—it is still true that the issue thereon is not a question of law upon which the court can rightfully control the verdict. That the existence of a legal marriage between the prosecutrix and the defendant was neither admitted nor legally proved, is quite apparent from the record. In the course of her testimony on the trial, the prosecutrix testified that she was married to the defendant in the year 1897, lived with him as his wife, and had never been divorced from him. On cross-examination, she testified, in substance, that, prior to her alleged marriage with defendant, she had married one Martin, who lived with her three years,

and who had gone away to the west "somewhere." She never sued for or obtained a divorce from Martin. After first swearing that Martin procured a divorce from her, had thereafter married again and was now dead, she conceded that the only knowledge or information she had of such divorce was from letters written by Martin "to his folks," and from what "everybody" told her. Her only knowledge of his death is what she "heard" from some undisclosed source. No time or date for the alleged divorce from Martin, or of his remarriage or death, is even suggested. So far as appears, no notice of the alleged divorce proceedings was served upon her, nor has she or anyone else made inquiry or search of the court or other public records in Martin's then place of abode, to verify the gossip and rumors upon the strength of which she seeks to sustain the validity of her marriage to the defendant. In view of the record so made, it seems hardly necessary to say that the broad general statement of the witness that she was the wife of the defendant at the time of the alleged adultery, is wholly insufficient to justify an instruction that a legal marriage had been established as a matter of law.

III. Another phase of the objection to this instruction is readily apparent when we note that this indictment charges the defendant with adultery in that, while being a married man, the lawful husband of Lizzie Ledford, he had sexual intercourse with "Oda Stewart, an unmarried woman." The woman in the case being unmarried, the alleged intercourse could be found adulterous under our statute only upon allegation and proof that defendant was a married man. In other words, the lawful marriage of defendant was an essential element in the crime charged, and the burden was clearly upon the State to prove the fact beyond a reasonable doubt. That is a burden which never shifts, and, no matter how strong or convincing the evidence, it is never competent for the court to tell the jury that the truth of such allegation may be taken for granted, or that, as a matter of law, it has been sufficiently

2. ADULTERY: elements of offense: marriage relation.

proved. *State v. Lightfoot,* 107 Iowa 344, 351; *People v. Webster,* 111 Cal. 381. To permit the court to direct or control the jury's finding upon any material fact constituting an essential element of the crime charged, is to take from the accused the protection of his constitutional guaranty of a jury trial.

IV. Other assignments of error have been argued, but, as the one we have considered necessitates a reversal of the judgment below, it is unnecessary to deal with them specifically.

For the reasons stated, the judgment below is reversed, and cause remanded for a new trial.—*Reversed* and *Remanded.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.