STATE OF IOWA, Appellee, v. GEORGIA JOHNSON, Appellant.

**ADULTERY:** **Sufficiency of Evidence.** Evidence relative to the adulter-
1  ous disposition of the parties, opportunity to commit the act, and
*other* incriminating circumstances, held to present a jury question
on the issue of guilt.

**ADULTERY:** **Commencement of Prosecution—Assumption of Fact.**
2  Instructions which assume, on conflicting and indefinite testimony,
that a prosecution for adultery was commenced on the complaint
of the wife, are prejudicially erroneous.

**ADULTERY:** **Instructions—Assumption of Fact of Marriage.** When
3  the testimony tending to show a marriage is positive and undisputed
(in a prosecution for adultery), the court may instruct that such
fact stands established.

**CRIMINAL LAW:** **Instructions—Assumption of Record Stipulation.**
4  The court may, in its instructions in a criminal case, assume as
true a fact admitted of record.

**STIPULATIONS:** **Presumption.** A record stipulation of fact carries
5  the presumption, even in a criminal cause, that it was entered under
an agreement by both parties.

*Appeal from Palo Alto District Court.*—JAMES DE LAND, Judge.

DECEMBER 13, 1921.

THE defendant was indicted, tried to a jury, convicted, and
sentenced for the crime of adultery.  She appeals.—*Reversed.*

*William J. Fisher,* for appellant.

*B. J. Gibson,* Attorney General, and *B. J. Flick,* Assistant
Attorney General, for appellee.

PRESTON, J.—1.  The appellant challenges the sufficiency of
the evidence to sustain the verdict.  We think the evidence is
sufficient, but we shall not go into details.  No witness testifies
to any particular act, and the defendant and W.
1. ADULTERY:
sufficiency of       H. Berkler, the person with whom it is alleged
evidence.
defendant committed adultery, both deny that
there was any sexual intercourse.

The defendant was a divorced woman. Berkler had a wife living. It appears that both had an adulterous disposition towards each other,—at least, the jury could have so found. The evidence is such that the jury could have found that Berkler spent his nights away from home; that he went to defendant's house at night frequently, and was seen leaving the house early in the morning; that defendant said she expected to marry Berkler when he got a divorce; that she said she stayed in Berkler's office with him in Emmetsburg; that defendant called Berkler many times on the phone, asking if he was coming down that evening; that she left the house of a witness, and did not return until 5 o'clock in the morning; that defendant told another woman she loved Berkler, and that he was the only man she had anything to do with. This witness says that defendant admitted she had stayed at the house of Berkler all·night; that they had roomed together, and occupied the room upstairs, where there was only one bed. It appears that, when the matter of the relationship of defendant and Berkler became notorious in the neighborhood, defendant called at the house of Mrs. Berkler, and said she had heard that she was the cause of breaking up the Berkler home, and in reply thereto, Mrs. Berkler said "yes;" and that defendant then said that Berkler loved her and hated his wife, and that she would have them separated. There is evidence that, in the evening, defendant sent her son, to have Berkler come out and meet her. It is true, as contended by appellant, that disposition and opportunity are not alone sufficient to sustain a conviction. The jury was so told. There may be other circumstances, but this shows the situation in a general way, and we think there was a question for the jury. These matters, or most of them, occurred within the statutory period. The jury was told that they could not convict upon any circumstance beyond the statute of limitations.

2.  Instruction No. 5, given by the trial court, is as follows:

"You are instructed that, under the statutes of this state, no person can be prosecuted for the crime of adultery except upon complaint of the husband or wife of one of the parties participat-

2. ADULTERY: commencement of prosecution: assumption of fact.

ing in the act which constitutes the crime. In this case, the charge in the indictment is that the defendant committed the crime charged by

having sexual intercourse with one W. H. Berkler. And you are told, that the evidence in this case shows, without dispute or controversy, that this prosecution was commenced upon the complaint of Mrs. W. H. Berkler, who was at the time the wife of W. H. Berkler; and that this is a sufficient compliance with the law. Therefore, in the further consideration of the case, you will accept it as sufficiently established that this prosecution has been properly and legally commenced, as required by law.''

It is thought by appellant that this instruction is erroneous in two respects: First, that it assumes that the prosecution was commenced upon the complaint of Mrs. Berkler; and second, that it assumes that she was, at the time, the wife of W. H. Berkler. The evidence on the first proposition is this:

''I am the wife of W. H. Berkler, and I have a girl ten years old. Q. And what was your object in appearing before the grand jury? A. Against Mrs. Erichson Johnson. Q. It was to do what? A. It was against Mrs. Erichson Johnson. Q. To enter complaint against Mrs. Erichson Johnson? A. Yes, sir. Q. On what charge? A. Well, calling my husband over the phone, using the phone from the house, and calling up Mr. Berkler. Q. And it was your intention to start these proceedings, was it? A. Yes, sir.''

On cross-examination, she testifies that the only reason she went before the grand jury was that this woman was calling her husband on the phone.

''Q. Did you appear before the grand jury voluntarily? Did you go down yourself, or did somebody suggest that you should come down? A. Well, Mr. Burt [the county attorney] called me up one day. Q. Mr. Burt suggested that you should come down? A. No, he wanted to see me, because I had been there before, asking him a few questions. Q. And you didn't come down then voluntarily, did you? A. No, sir. Q. And had you thought of coming down before Mr. Burt called you up? A. No, sir. Q. And Mr. Burt called you and told you to come down? A. Yes, sir, he wanted to see me. Q. And did he tell you that you ought to go before the grand jury? A. No—well, he asked my opinion. Q. Did he tell you that he thought you ought to go before the grand jury? A. Yes, sir. Q. He told

you what? A. Yes, sir—well, he asked for the chances on this —what I thought about it. Q. You didn't have any idea of going before the grand jury until Mr. Burt called you down, did you? A. No, sir. Q. He telephoned you, did he? A. Yes, sir. Q. And did he tell you that you should file a charge here, or sign any papers? A. No. Well, I put in a complaint once before. I wanted to know something that way, and I asked him, and then he called me up about this business here, and told me that he wanted to see me.''

We take it that the prior complaint was to the county attorney. It does not appear that any information was ever filed, or that she had appeared before the grand jury before. It is true that the fact of commencement of the prosecution by the wife is not an element of the crime charged, and therefore need not be proved beyond a reasonable doubt; still, it is an essential element in the right of the State to prosecute and convict the offending spouse. *State v. Ledford,* 177 Iowa 528. It will be noticed that the testimony of Mrs. Berkler is very conflicting and indefinite, as to whether she voluntarily appeared before the grand jury, intending to commence this prosecution. Some of the questions put to her are leading, and her testimony relates to Mrs. Erichson·Johnson; whereas, the defendant's name is given as Georgia.

In *State v. Loftus,* 128 Iowa 529, 531, the evidence was quite similar to the evidence here. This court there said that it was extremely doubtful whether the prosecution was begun in that case on the husband's complaint, and that, unless it was the purpose and intention of the husband, in what he did and said, to prefer a charge against the defendant, the prosecution was not begun on his complaint. But in some of the cases, it was said that it was a question for the jury. We have some doubt whether, under Mrs. Berkler's evidence as it now stands, it was sufficient to constitute a commencement of the prosecution. In any event, we think the trial court was not justified in stating to the jury, in the foregoing instruction, that it was undisputed, and that the prosecution was properly commenced.

3. It is not so clear that the court erred in the other part of the instruction in stating that the undisputed evidence shows that Mrs. Berkler was, at the time, the wife of W. H. Berkler. As a general rule, it is safer for the trial court, in a criminal case,

3. ADULTERY: instructions: assumption of fact of marriage.

not to assume that a fact is established, unless it is clearly established, and by undisputed evidence. The situation is the reverse of what it was in the *Ledford* case, supra. There, the defendant was married, and the person with whom the adultery was alleged to have been committed was unmarried. In the instant case, the defendant is unmarried, and the other party is alleged to have been married. In that case, it was held that the lawful marriage of defendant was an essential element of the crime charged, and that the burden was upon the State to prove the fact, beyond a reasonable doubt. It was also said in that case that it was not competent for the court to tell the jury that such allegation had been sufficiently established, as a matter of law. But in that case, it was said, at page 530:

"That the existence of a legal marriage between the prosecutrix and the defendant was neither admitted nor legally proved, is quite apparent from the record."

So that, in that case, it appears that the evidence was not undisputed on that proposition. In the instant case, Mrs. Berkler testifies that she is the wife of Mr. Berkler,—that is, that she was his wife at the time she testified. This seems to be undisputed. She does not specifically state that she was such at the time she appeared before the grand jury, although she does say that she has a child, 10 years old. We have repeatedly held that, in a proper case, the trial court may assume a fact as established, even in a criminal case. *State v. Graves,* 192 Iowa 623, and cases therein cited.

4. It is thought by appellant that the court erroneously assumed that the defendant was an unmarried woman. We find this record in the abstract:

4. CRIMINAL LAW: instructions: assumption of record stipulation.

"It is admitted of record that the defendant is a divorced and unmarried woman."

Under such an admission, it was not necessary to prove it. *State v. Wilson,* 166 Iowa 309. Since it was admitted, the court properly assumed the fact to be established. It is true that this statement appears to have been made by the county attorney,

5. STIPULATIONS: presumption.

but it is not claimed that defendant's counsel was not present at the time, and the law requires defendant's presence during all stages of the

trial. We think it should be presumed that the statement was made by the county attorney as the result of an agreement between counsel for both sides.

Other errors are assigned; but* for the most part, these are questions not likely to arise on a retrial of the case. For instance, it is claimed the prosecutor was guilty of misconduct in argument; but the argument was not taken down, and there were no affidavits and no finding of the trial court, so that there is no proof that the alleged statements were made. Complaint is also made that the trial court was absent from the room during the argument of the case, and that there was irregularity in receiving the verdict; but, as said, these questions, and perhaps some others, are not likely to occur on a retrial. Furthermore, some of the assignments of error and points are too indefinite. For the error pointed out, the judgment is reversed and remanded for a retrial.—*Reversed.*

EVANS, C. J., WEAVER and DE GRAFF, JJ., concur.