STATE OF IOWA, Appellee, v. FRED ROUNDS, Appellant.

**CRIMINAL LAW:** Evidence—Circumstantial Evidence—Undue Exaggeration. Instructions relative to circumstantial evidence reviewed, and held not subject to the criticism that they exaggerated the effect of such evidence. (See Book of Anno., Vol. 1, Sec. 13897, Anno. 197 *et seq.*)

**CRIMINAL LAW:** New Trial—Conduct of Jury—Indefinite Statements Dehors Record. A new trial will not be granted on a showing of indefinite statements *dehors* the record, made by one juror to another, especially when made after the verdict had been agreed to.

**CRIMINAL LAW:** New Trial—Newly Discovered Evidence—Lack of Diligence. The plea of newly discovered evidence will be disregarded when the slightest diligence prior to trial would have revealed the evidence in question. Likewise, when, prior to trial, the accused knew of such testimony, and might doubtless have had the full benefit thereof by offering it.

**ADULTERY:** Defenses—Non-prosecution of Codefendant. It is no defensive plea to a charge of adultery that the codefendant of the accused has not been prosecuted.

Headnote 1: 2 C. J. p. 29. Headnote 2: 16 C. J. p. 1243. Headnote 3: 16 C. J. pp. 1191, 1193. Headnote 4: 2 C. J. p. 16 (Anno.)

Headnote 2: 20 R. C. L. 251. Headnote 3: Annotation in 30 L. R. A. (N. S.) 1039; 20 R. C. L. 292, 299. Headnote 4: 1 R. C. L. 643.

*Appeal from Woodbury District Court.*—A. O. WAKEFIELD, Judge.

OCTOBER 26, 1926.

The defendant was convicted of the crime of adultery, and appeals.—*Affirmed.*

*David F. Loepp,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

VERMILION, J.—I.   The principal contention on behalf of appellant is that the evidence is insufficient to sustain the verdict.

The appellant was jointly indicted with one Florence Nickerson, who was a married woman, and whose husband commenced the prosecution.   The claim of the State was that the crime was committed at a rooming house conducted by a Mrs. Wilmarth, and that appellant and Mrs. Nickerson lived together at the rooming house during part of the month of December, 1925. There was testimony from Mrs. Nickerson's husband that the appellant and his wife were acquainted before the latter left him, and were seen together in the street within a month after she left.

Mrs. Wilmarth was a very evasive and apparently reluctant witness for the State.   Without a setting out of her testimony, it will suffice to say that we think that a jury would be fully warranted in finding from it that Mrs. Nickerson lived at the rooming house during the time in question; that the appellant was there part of the time; that they were both there on the night of the date alleged in the indictment as that on which the crime was committed.   She testified without objection that, three days later, Mrs. Nickerson left, saying that the defendant was in jail.   The sheriff testified that the appellant said to him that he had lived with Mrs. Nickerson at the Wilmarth house for several weeks during the month of December.   The appellant introduced no testimony on his own behalf.   We are of the opinion that the verdict is sustained by the evidence.

II.   Certain instructions on circumstantial evidence are criticized.   Without expressing approval of all the language used, we think the instructions are not open to the attack made upon them.   It is said that they exaggerate the con-

1. CRIMINAL LAW: evidence: circumstantial evidence: undue exaggeration.

clusiveness of circumstantial evidence.   Substantially similar instructions in this respect have been many times approved by this court. *State v. Moelchen,* 53 Iowa 310; *State v. Seymour,* 94 Iowa 699;

*State v. Hassan,* 149 Iowa 518; *State v. Pavey,* 193 Iowa 985.  A statement in connection with the instructions on circumstantial evidence to the effect that the crime of adultery was one of secrecy and darkness, and could seldom be established by direct evidence of the overt act, and that it was not necessary to so establish it, but that it might, and generally must, be established by circumstantial evidence, was not improper.

III.  In a motion for a new trial, appellant presented the affidavit of one of the jurors to the effect that, "just about the time" the jury came down from the jury room, she overheard one of the other jurors say: "You know he is the fellow who killed that Indian." The affiant says that, because of this remark, she "believes some of the jurors knew something of the defendant's past record, and talked with some of the jurors about it." The remark seems to have been made after the verdict had been agreed upon, and as the jurors were leaving the jury room; it is not shown to have been made concerning the defendant, and does not support the affiant's "belief" that the defendant's past record had been discussed by the jurors in arriving at a verdict. Neither the remark, standing alone, nor the affiant's "belief," based upon it, sustains the charge of misconduct on the part of the jury.

2. CRIMINAL LAW: new trial: conduct of jury: indefinite statements *dehors* record.

IV.  As has been said, the appellant presented no evidence. The motion for a new trial was based, in part, on the ground of newly discovered evidence; and he presented the affidavit of Mrs. Nickerson, who was jointly indicted with him, to the effect that she would have testified that she did not commit adultery with the appellant.

3. CRIMINAL LAW: new trial: newly discovered evidence: lack of diligence.

It is perfectly obvious that the appellant was at all times fully aware of her knowledge on that point, and the slightest diligence on his part would have advised him of what her testimony would be.  She was under subpoena by the State, and in attendance on the trial, but no effort was made to ascertain what she would testify to.

An affidavit by Zula Anderson to the effect that, during the time the State claimed the defendant was living with Mrs. Nickerson at the Wilmarth house, he was living at another place, was also presented in support of the claim of newly discovered evi-

dence. It further appears from the affidavit that the affiant was under subpoena by the defendant; that she was ill, and could not appear, and was finally taken to the courthouse by a deputy sheriff, but arrived after the evidence was closed. This evidence was not newly discovered. The record disclosed no request by the defendant to await her arrival or to introduce her testimony when she did appear. Clearly, appellant was not entitled to a new trial on the ground of newly discovered evidence.

V. It is said that appellant could not be tried, convicted, or sentenced because there has been a failure to prosecute Mrs. Nickerson, with whom he is charged to have committed adultery, and Section 12974, Code of 1924, provides that: "When the crime is committed between parties only one of whom is married, both shall be punished."

4. ADULTERY: defenses: non-prosecution of codefendant.

The plain purpose and intent of the statute were to provide that, where only one of the parties was married, the act was, nevertheless, a crime on the part of each. It does not make the conviction of one depend upon the conviction of the other, else neither could be convicted, except upon a trial together under a joint indictment. They may be indicted separately. *State v. Dingee*, 17 Iowa 232. And if indicted jointly, either could demand a separate trial. Section 13842, Code of 1924. It would result that neither could be first convicted, and both must, therefore, escape.

We find no prejudicial error, and the judgment is affirmed.

Complaint is made of the sentence of three years in the penitentiary imposed by the court. The sentence is indeterminate, and the record discloses nothing to warrant our saying that the court should, instead, have imposed only a jail sentence. Code of 1924, Section 12974.—*Affirmed*.