STATE OF IOWA, Appellee, v. ROLLIE WHITE, Appellant.

FEBRUARY 14, 1928.

*M. R. Hammer, Jr.*, and *Walter F. Maley*, for appellant.

*John Fletcher*, Attorney-general, and *George E. Campbell*, County Attorney, for appellee.

WAGNER, J.—The indictment charges the crime to have occurred on or about the 20th day of March, 1926. The prosecuting witness and the defendant are first cousins. The prosecutrix was 16 years of age on June 20, 1926, and the defendant was past 42 years of age. The defendant is a married man, and

has four children, ranging from 21 to 3 or 4 years of age. The family of the prosecutrix consisted of her father and mother, herself, and other children. During the period of the acts of sexual intercourse testified to by the prosecutrix, the defendant was engaged in work at a coal mine about a half mile distant from the home of the prosecutrix. She testified that the first act of sexual intercourse between them occurred along about March 20, 1926, in the barn on her father's farm, and that the act was thereafter repeated at numerous times and various places until the month of October, 1926. The testimony shows that the father and mother of the prosecutrix usually went to town to do their trading on Saturday; that during their absence the defendant would visit the home, when and where the illicit acts occurred. On February 19, 1927, the prosecutrix gave birth to a baby boy, which it is claimed was the result of their indulgence. The prosecutrix testified that she did not have intercourse with any other man since March 20, 1926. The father of the prosecutrix testified that, on December 12, 1926, the defendant visited him at his home, and in the conversation between them, the defendant said he came over to see if he could not compromise this case, and:

" I said to him, 'I consider that you have committed one as dirty and low-down crimes as a white man could be guilty of.' I said: 'You have a family of your own,—one girl married,— and you got around this past-fifteen-year-old girl of mine, and got the upper hand of her, and got her pregnant, and throwed on my hands, and for trouble to her, too.' He said he was sorry of it. I said: 'You are sorry too late. Furthermore, you had this girl to run off from home, got her across the Des Moines River, and got her in a car and took her to Tom's. You took her there to dope her,—anything to get shut of this thing. That is what you did.' He said, 'I'll tell you what, I thought the best thing we could do was to take her up to Tom's and have this all straightened away. Nobody would know nothing about it, and it would save me going to the pen.' "

The evidence in the case is very revolting, and we deem it unnecessary to more fully particularize in setting it out, except as it may become necessary in considering the alleged errors assigned by the defendant.

At the close of the State's evidence, on motion of the de-

fendant, the court required the State to elect on which transaction or act of intercourse it relied for conviction; and the State elected to rely upon the act claimed to have occurred in the barn on or about the 20th day of March, 1926.

The defendant assigns as error the receiving of secondary evidence of the contents of two letters written by the defendant to the prosecutrix. He relies upon *State v. McGinn,* 109 Iowa 641, and *State v. Loftus,* 128 Iowa 529. In the  first of the aforesaid cases, the receipt of the secondary evidence was held improper because there was no showing that the letter was written by the defendant. In the latter case, the letters or billets, and the contents of another, were held inadmissible for the reason that the record failed to connect them with the defendant.

The record establishes the fact that, between the 16th and 23d days of May, 1926, the prosecutrix visited at the home of Mr. and Mrs. Ed Waters, in the city of Des Moines, and while she was there, the defendant wrote and gave to Cleo Waters, the 12-year-old sister of the prosecutrix, a letter, with instructions to mail it to the prosecutrix, and that she put it in an envelope, with a letter written by herself, and mailed it to the prosecutrix, at the home of Ed Waters. This letter was received at the Ed Waters home, together with the one written by Cleo. It is shown by the record that the defendant asked the prosecutrix whether she had received the letter written by him while she was on said visit. Said letter was destroyed. It is also shown by the record that, during the latter part of August, 1926, the prosecutrix was visiting relatives at Commerce, Iowa, and after she had gone there, the defendant wrote and mailed her a letter, which was there received and forwarded to her. The prosecutrix testified that the defendant told her that he wrote her a letter, and asked her if she had received it, and further, that she was acquainted with, and that the letter was in, the handwriting of the defendant. It is further shown by the record that said letter had been burned. The defendant's connection with the w... prosecutrix is thus c... tioned, relied... from the fac... record that

tion was laid for the introduction of the secondary evidence as to their contents. Therefore, the contention of the defendant as to the inadmissibility of this secondary evidence as to the contents of the letters is devoid of merit.

An affidavit by one of the jurors, filed with defendant's motion for a new trial, recites certain facts which it is claimed show prejudicial misconduct of one of the jurors. The affidavit  is made by the juror, who states therein that he was the last one of the jury to vote for conviction, and that, in a discussion as to whether or not the 20th day of March, 1926, was on Saturday, Mrs. Hummel, one of the jurors, said that she knew that said date was on Saturday, as she had looked it up on the calendar. The affiant further swore that, but for the statement of Mrs. Hummel, he would not have voted for conviction. This latter statement cannot be considered, as it inheres in the verdict. It is not competent to show by affidavit of the jurors what influenced the verdict, for this necessarily is mere matter of opinion, and essentially inheres in the verdict itself. *State v. Kirk,* 168 Iowa 244; *State v. Dudley,* 147 Iowa 645; *State v. Gilliland,* 187 Iowa 794. We have held in some cases that statements of fact by a juror during deliberation bearing on a *material issue in the cause,* and made of the juror's personal knowledge, constitute error that will vitiate the verdict. Is the statement by the juror Hummel, hereinbefore referred to, such a statement? The 20th day of March, 1926, was on Saturday. The defendant appears to believe that the time of the first act of intercourse was definitely fixed as the 20th day of March, 1926. In this he is mistaken. The indictment charges the offense to have been committed on or about the 20th day of March, 1926. The prosecutrix testified that the first act of intercourse occurred along in March, about the 20th; that she could not give the exact date; but that it occurred in the barn on her father's farm. The State, when required to elect upon what transaction it would rely for conviction, elected to rely on the act of i̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶ on or about the 20t̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶ which the offense ̶ ̶ f the offense

̶course oc-

curred in the barn, and that no one saw them. No other witness testified that they saw the prosecutrix and defendant go into the barn, or saw them after they were in the barn. It was not material as to whether the act of intercourse occurred on the exact date, to wit, March 20, 1926, or on what day of the week it occurred; it was only material as to whether said act occurred in the barn on or about said date. Under the record as made, the statement of the juror Hummel that she knew that the 20th day of March, 1926, was Saturday, was in no way material, and there is nothing in said statement that could be considered as prejudicial to the defendant. Moreover, while the prosecutrix said that she could not give the day of the week when the first act of intercourse occurred, it is shown by the record that the subsequent acts usually occurred on Saturday, and that the second act was about a week after the first one, and on Saturday, about March 27, 1926. Thus it is inferable from the record that the 20th day of March, 1926, was probably on Saturday. Without further discussion, we hold that this second contention of the defendant's is without merit.

It appears that, after the jury had been deliberating for about an hour and a half, in response to a question sent to the court he gave the jury an additional instruction upon the sub-ject of corroboration, in which he told them that it was to be considered with Instruction No. 9, previously given them upon said subject. It further appears that, upon an interrogatory sent by the jury to the court, relative to a question of fact in the case, the court gave an additional Instruction No. 2, in which he told them that they were the sole judges of the facts, and that the court could not answer, or indicate how fact questions should be decided by them.

The defendant, in his assignment of errors, alleges that Instructions 6, 7, 8, 9, 10, 11, and 15, and additional Instructions 1 and 2, were unwarranted, erroneous, and prejudicial. The exceptions to the instructions are likewise general, and no more specific. This assignment is fatally indefinite, and raises no question for consideration on appeal. See *State v. Alderman*, 187 Iowa 244; *State v. Lambertti*, 204 Iowa 670; *State v. Smith*, 192 Iowa 218; *State v. Harbour*, 193 Iowa 657; *State v. Gill*, 202 Iowa 242.

The defendant in his argument complains of Instruction No. 9 and additional Instructions Nos. 1 and 2, hereinbefore mentioned. In so far as additional Instruction No. 2 is concerned, it was in response to a question propounded by one of the jurors. The court had fully instructed the jury, and certainly no error can be predicated upon the court's telling the jury that they are the sole judges of the facts, and that the court could not indicate how fact questions should be decided by them. The instruction as given was correct, and there would have been no error had the court refused to answer the question. See *State v. Maxwell*, 42 Iowa 208.

The defendant in his argument claims that in Instruction No. 9 the jury were told that proof of opportunity could be sufficient to constitute the requisite corroboration. The defendant did not except to the instruction upon this ground. There is no such statement in the instruction, and no language therein that can bear such construction. The said instruction fully, completely, and correctly states the proposition that the testimony of the prosecutrix must be sufficiently corroborated by other testimony in the case connecting the defendant with the commission of the offense, and pointing him out as the person who committed the offense, if one was committed. There is nothing in Instruction No. 9 and in additional Instruction No. 1 upon the subject of corroboration that is not in conformity with the law, and nothing which can be in any way prejudicial to the defendant. While, as hereinbefore stated, the assignment of error as to the instructions is too indefinite, and raises no question for our consideration, we have felt justified in reviewing those herein mentioned, and will add that we have given the remaining instructions a careful perusal, and they fully, accurately, and concisely state the correct rules of law applicable to the evidence, as shown by the record.

The defendant, at the close of the State's evidence, moved for a directed verdict, and renewed his motion at the close of the evidence, which motion was by the court overruled; and this action by the trial court is assigned as error.

The defendant argues that the evidence is insufficient. The testimony of the prosecutrix is positive, and clearly shows that the crime was committed by someone; and the testimony of her father, hereinbefore mentioned, relative to the conversation had

with the defendant upon his visit to the father's home, is sufficient corroboration tending to connect the defendant with the commission of the offense. A verdict of acquittal could not reasonably have been expected.

We are not inclined to further extend this opinion. The defendant had a fair trial. The judgment of the trial court is hereby affirmed.—*Affirmed*.

STEVENS, C. J., and EVANS, DE GRAFF, MORLING, and KINDIG, JJ., concur.