STATE OF IOWA, Appellee, v. EARL (PETE) MURRAY, Appellant.

No. 47009.

July 29, 1947.

Rehearing Denied September 19, 1947.

William P. Welch and William H. Welch, both of Logan, and More & More, of Harlan, for appellant.

John M. Rankin, Attorney General, Charles H. Scholz,

Assistant Attorney General, and George O. Hurley, County Attorney, for appellee.

OLIVER, C. J.—A county attorney's information filed July 9, 1946, charged defendant with adultery with Vaunda Rosman, the wife of Robert Rosman, on or about June 14, 1946. Defendant was tried and convicted. Without reviewing the evidence at the trial we may say it was sufficient to make the question of defendant's guilt one of fact for the jury.

■ I. Several of the assigned errors are based upon that part of section 702.1, Code of 1946, which provides no prosecution for adultery can be commenced except on the complaint of the husband or wife. Robert Rosman, the husband, testified he appeared before a justice of the peace and signed a preliminary information, Exhibit 1, charging defendant with adultery with Vaunda Rosman, June 14, 1946. Exhibit 1 is regular in form. The jurat recites it was subscribed and sworn to before said justice of the peace June 17, 1946. It was stamped filed in the office of the clerk of the district court, August 21, 1946.

Defendant assigns error to its admission in evidence over his objections. He contends Rosman was not competent to identify it. However, its purpose was limited to the question of the complaint by Rosman. For such purpose his identification was sufficient. It was not necessary that it be identified by the magistrate before whom the complaint was made or that the manner of its filing in the office of the clerk of the district court be shown by that officer. The issue at this point was not how the officers performed their duties, but whether the prosecution was commenced on Rosman's complaint. State v. Dingee, 17 Iowa 232.

■ II. Rosman testified he directed the county attorney to file the county attorney's information upon which defendant was tried in district court. Defendant contends such direction was not a complaint within the meaning of Code section 702.1. He quotes from State v. Loftus, 128 Iowa 529, 531, 104 N. W. 906, 907:

"The statement to the county attorney was not in the nature of a complaint, which in any event must be made to a committing magistrate or before the grand jury."

This statement followed a statement in State v. Briggs, 68 Iowa 416, 420, 27 N. W. 358, 359:

"The prosecution may be commenced either by making the complaint before the grand jury or by filing a preliminary information before a magistrate."

The statutes in effect when these cases were decided required that the formal charge in such cases be made by grand jury indictment. Statutes subsequently enacted, now chapter 769, Code of 1946, authorize what may be termed the alternative procedure of information by county attorney in lieu of indictment by the grand jury. This procedural enlargement requires a corresponding enlargement in the doctrine announced in State v. Briggs, supra. Therefore, we hold that where the crime of adultery is charged by county attorney's information the "complaint" required by Code section 702.1 may be made to that officer and that this may be shown to have been made in the form of demand or request by the spouse for such prosecution. ▮ Under the record in this case the question whether the prosecution was commenced on Rosman's complaint was for the jury.

▮ III. However, defendant contends the State should have been required to prove this proposition beyond a reasonable doubt. Such is not the rule. That the prosecution was commenced on the complaint of the spouse is not an element of the offense but is merely a matter of procedure relating to the right to prosecute the charge. Hence the court did not err in instructing the jury that proof of this matter by a preponderance of the evidence would be sufficient. State v. Ledford, 177 Iowa 528, 159 N. W. 187; State v. Leek, 152 Iowa 12, 130 N. W. 1062; State v. Athey, 133 Iowa 382, 108 N. W. 224.

▮ IV. Rosman testified he saw defendant with Vaunda Rosman frequently prior to June 14th, several times the follow-

ing day, and once during the ensuing week. Defendant assigns as error the overruling of objections to questions by which this testimony was elicited, as tending to prove offenses other than the one charged. We do not find such objections in the record. However, although the trial court has some discretion in ruling upon objections to such evidence, it has been held admissible as bearing upon the relation and mutual disposition of the parties. State v. More, 115 Iowa 178, 88 N. W. 322; State v. Leek, supra, 152 Iowa 12, 130 N. W. 1062. Hence its admission was not error.

Defendant asserts the jury should have been instructed that the evidence should be considered for such purpose only. It is sufficient answer that defendant neither requested such instruction nor excepted to the failure of the court to so instruct.

V. A witness who had testified he saw defendant and Mrs. Rosman in a parked truck, upon cross-examination testified he did not see their faces. Thereupon defendant moved to strike all the evidence of the witness. The motion was properly overruled. The weight, if any, to be given the evidence of identification was a question for the jury. State v. Donovan, 61 Iowa 278, 281, 16 N. W. 130.

VI. Vaunda Rosman had separated from her husband in March 1946. In the cross-examination of Mr. Rosman, defendant inquired into the circumstances of such separation. Thereafter defendant offered to show by his witness, Vaunda Rosman, that the testimony of Mr. Rosman thus elicited was false and that Rosman's misconduct was the cause of the separation. Objections to such offer were sustained. No error appears here. The proposed inquiry was not relevant to any issue properly in the case or brought into it by the State.

The court may properly exclude evidence offered by a party to contradict testimony on collateral and immaterial matters injected into the record by such party upon cross-examination of witnesses. State v. Boston, 233 Iowa 1249, 1252, 1253, 11 N. W. 2d 407; Cokely v. State, 4 (Clarke) Iowa 477, 480, 481; Wau-kon-chaw-neek-kaw v. United States, 1 (Morris) Iowa 332.

866

VII. Although not shown in the record defendant states the trial of Vaunda Rosman resulted in her acquittal. This circumstance would not require a reversal, because in such cases the conviction of one defendant does not depend upon the conviction of the other. State v. Rounds, 202 Iowa 534, 210 N. W. 542.—Affirmed.

BLISS, HALE, GARFIELD, SMITH, MANTZ, MULRONEY, and HAYS, JJ., concur.